60 583
d62 271

60 583
66E 315
e66E 316

THE PENNSYLVANIA RAILROAD COMPANY, PLAINTIFF IN ERROR, v. HENRY W. BRECKENRIDGE AND THE UNITED STATES PIPE LINE COMPANY, DEFENDANTS IN ERROR.

B. claimed to be the owner of record, subject to the public use, of a high-way where it is crossed by a railroad bridge. The highway antedates the railroad, which was built more than forty years ago, and has been continuously operated. The railroad company brought ejectment against B. and against a pipe line company which had laid pipe in July, 1896, under said bridge beneath the surface of the highway, and claimed to recover, first, under a deed from L., and secondly, because of possession adverse to the defendants. The trial judge left the question as to the plaintiff's title by deed to the jury, who found for the defendants, and withheld from the jury the subject of adverse posses- sion, on the ground that, under the proof, this claim was unavailable to the plaintiff. Error was assigned on exceptions to so much of the charge as withdrew this question from the jury. *Held*—

1. That the adverse right derived from mere possession is limited to that which has been possessed. The right asserted by a railroad com- pany to build, maintain and use a bridge over a highway for the pass- age of trains is consistent with the right asserted by other persons to possess the land, subject to the public use, and to lay pipe beneath the surface of the highway. The former claim of right is not inherently adverse to the latter.

2. That the right of said railroad company was not enlarged beyond actual possession and use by the execution and delivery of an agree- ment by R. and S. to convey to it such land then owned by them in severalty, or by both in common, as might be sufficient for the con- struction of said railroad, with its ditches and appendages, first, be-

cause the land in suit was not proved to have been then owned by R. and S., either severally or together, and the agreement was therefore inapplicable; and secondly, because the description of the premises to be conveyed being indefinite, should, if the agreement were applicable to the land in suit, be interpreted by the mode of construction adopted by the company, and should be referred to the land actually occupied

3. The agreement by R. and S. to convey to the company in fee-simple "both so much of the land they now hold in common," means land held by them together in common, and does not refer to land held by either of them in common with a third person.

On error to the Warren Circuit Court.

For the plaintiff in error, *Alan H. Strong.*

For Henry W. Breckenridge, defendant in error, *Joseph M. Roseberry.*

For the United States Pipe Line Company, defendant in error, *Henry S. Harris.*

The opinion of the court was delivered by

ADAMS, J.    The Pennsylvania Railroad Company, which is the plaintiff in error, and was the plaintiff below, brought ejectment against Henry W. Breckenridge and the United States Pipe Line Company.    At the trial the plaintiff claimed judgment on two distinct grounds—first, under a deed from Thomas Lomasson and wife; secondly, by possession adverse to the defendants.    The defendants denied that the Lomasson deed embraced the land in suit, and denied that the plaintiff had possessed the land adversely.    The trial judge charged the jury that the facts in proof were not such as to make the claim of title by adverse possession available to the plaintiff. Exception was taken to and error has been assigned on this part of the charge.    The question of location was left to the jury, who found for the defendants, and thereby conclusively determined that the land in suit is not covered by the Lomasson deed.    The inquiry is whether the trial judge erred in

withdrawing from the jury the plaintiff's claim to title by adverse possession.

The land in suit is described as follows: "All that certain piece or parcel of land in the township of Oxford, county of Warren and State of New Jersey, lying within the public highway leading from Belvidere past the Shippen spring, where the said highway is crossed by the railroad embankment and culvert of the Belvidere Delaware Railroad Company [now under lease from said company to the said plaintiff] at a distance in a straight line of about two hundred feet southeasterly from said Shippen spring; bounded on the east and west by the extreme easterly and westerly lines of said embankment as produced and carried across said highway, and on the north and south by the northerly and southerly foundation walls and abutments of the arch or culvert by which the said railroad is carried over said highway." The railroad was built more than forty years ago by the Belvidere Delaware Railroad Company, and was leased to the United New Jersey Railroad and Canal Company, by which the lease was assigned to the plaintiff. For more than forty years before the commencement of this suit, the plaintiff maintained and used a bridge over said highway at the place described. Its right to do this is not denied by either defendant. This action is brought to establish against the defendants a claim to the possession, subject to the public use, of the land above described, lying within the limits of said highway. The defendant Henry W. Breckenridge claims title by deed to the land in suit. It is in proof that William P. Robeson and Anna M. Robeson, his wife, were tenants in common of a piece of land known as the " Robeson acre," of which the defendant Breckenridge has become the owner through divers conveyances, and of which the defendants in error insist that the land in suit is part. The United States Pipe Line Company, in July, 1896, prior to the commencement of this action, laid a line of pipe along said public highway, beneath the surface of the ground, through the land which is the subject of suit.

An examination of that part of the charge which was excepted to and on which error has been assigned shows that the trial judge considered the plaintiff's claim of title by adverse possession under two heads—first, as a claim of title by mere naked adverse possession, unsupported by any written instrument, and secondly, as a claim of title by adverse possession supported by a written instrument to be mentioned hereafter.

Under the first head the conclusion of the trial judge was that the plaintiff's possession is reconcilable with and therefore not adverse to any right of possession claimed by the defendants or by either of them. In this conclusion there is no error. The plaintiff's possession of which the evidence affords proof is the use of a bridge over a highway. The right to this use is consistent with the right of other parties to possess the soil, subject to the public easement, and to lay pipes below the surface of the highway, since all these rights may be exercised without interference. Things that can co-exist in harmony are not mutually adverse. A title depending solely on acts of adverse possession, and deriving no color from any deed, does not extend beyond the *pedis possessio.* The right is commensurate with the use; the enjoyment is limited to that which has been actually enjoyed. Especially is this the rule in the case of a corporation invested with the prerogative of eminent domain for the purpose of enabling it to construct and operate a public highway. The public grant will be interpreted strictly and construed to give merely the power to take an easement adequate to the accomplishment of the corporate design. *New Jersey Zinc and Iron Co.* v. *Morris Canal and Banking Co.,* 17 *Stew. Eq.* 398; *S. C.,* 2 *Dick. Ch. Rep.* 598.

Under the second head the trial judge considered the plaintiff's claim of title by adverse possession in its relation to and as affected by a certain written agreement. It appears that before the Belvidere Delaware railroad was built, William P. Robeson and John M. Sherrerd, both of Belvidere, entered into articles of agreement with the Belvidere Delaware Rail-

road Company, bearing date June 25th, 1851, whereby, in consideration of $1 to be paid to each of them by said company, and of the benefits which the railroad, if constructed, would produce to their property, they, among other things, agreed to convey to said company in fee-simple, to use the words of the instrument, " each so much of the land as belongs to himself separately, and both so much of the land they now hold in common," lying on the route of said railroad, in said township of Oxford, anywhere between the farm of William White (below Thomas Lomasson's farm) and the land of John Hoff, Jr. (above Abraham McMurtrie's land), as might be sufficient for the construction of said railroad with its ditches and appendages, and for procuring materials, reserving the timber on said land and certain rights of crossing and other privileges. The words " both so much of the land they now hold in common " are equivalent to the words " both so much of the land they now hold *together* in common." This instrument, unacknowledged and unrecorded, was produced at the trial from the custody of the railroad company and offered and received in evidence on behalf of the defendants. It is alleged on behalf of the plaintiff in error that this agreement is applicable to the land in suit. This being the situation, the trial judge, in delivering his charge, dealt with a suggestion made by counsel for the plaintiff, and considered the bearing of the agreement above mentioned upon the plaintiff's claim of title by adverse possession, introduced the topic with these words : " It has been suggested by counsel for the plaintiff that even if this land where the culvert is, is not included within the Thomas Lomasson grant, but lies within the Robeson acre, nevertheless, by reason of the fact that they have constructed their railroad embankment and their culvert over his highway, and have occupied it for a period of more than twenty years before the beginning of this suit, or before the laying of this pipe in this highway by the defendants, they have acquired a title to that land by adverse possession as against parties claiming under the Robeson title." The trial judge then refers to the agree-

ment above mentioned, and treats it as a consent to the entry of the railroad company, which would create a right merely permissive and not adverse, unless the company should assume a position of hostility and give notice of that fact.   On this view that the agreement was a consent or license to enter, and that no notice of a hostile claim had been given, the trial judge concluded that no right could be built upon it adverse to parties claiming under the Robeson title.   In answer to this view, it is urged by counsel for the plaintiff in error that the instrument under consideration is not a mere license or consent to enter, but is an agreement to convey ; that a person who pays the purchase-money and enters under an agreement to convey holds adversely to the proposed vendor, because he who so enters is clothed with an equitable title and may demand a deed, and that this rule applies to the case in hand.   If all these propositions are admitted, the conclusion will still be unfavorable to the plaintiff in error.   This results from the terms of the agreement, which is a contract to convey such land as might be sufficient for the construction of the railroad, with its ditches and appendages which, in a specified locality, was then owned by William P. Robeson or by John M. Sherrerd, in severalty, or by both of them together in common.   In the first place, the best attainable evidence as to what land was sufficient for the construction of the railroad is afforded by the actual construction. What the company took does not clash with what the defendants claim.   There is, therefore, no adversity of possession. In the second place, there is no proof that the land in suit belonged, when the agreement was made and the railroad constructed, to William P. Robeson or John M. Sherrerd, in severalty, or to both of them in common.   On the contrary, the evidence at the trial was that the land in question was either in the Lomasson title or was part of the Robeson acre.   The case presented no other alternative.   On neither supposition was this land owned by Robeson or Sherrerd in severalty or together.   The agreement is, therefore, inapplicable to the premises.   In no view of the case is there error in the con-

clusion that the agreement does not sustain the plaintiff's claim of title by adverse possession.

The judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON. 12.

*For reversal*—None.