By deed dated October 5th, 1922, the defendant, Joseph Ascolese, and Carmelle Ascolese, his wife, conveyed to the complainant Susie Scarcella,
"ALL that certain lot, tract or parcel of land and premises, hereinafter particularly described, situate in the City of Hoboken, in the County of Hudson, and State of New Jersey, and which is known and distinguished upon a certain map entitled `Map of property situate at Hoboken, Hudson County, New Jersey, belonging to the estate of *Page 284 
John G. Coster, deceased, surveyed and laid out into lots November, 1860, by Daniel Ewen and Austin D. Ewen, City Surveyors, New York' and duly filed in the office of the clerk (now Register) of said County of Hudson as lot number five (5) in block number sixty-six (66) as laid down on said map said lot fronting and facing on the easterly side of Jackson Street and being twenty-five (25) feet wide in front and rear and one hundred (100) feet deep throughout.
"Said premises being known as street No. 509 Jackson Street, in the City of Hoboken, County of Hudson and State of New Jersey."
At the time of the conveyance of the premises there was, and still is, a dwelling located thereon. It stands approximately 5.36 feet from the building line on the easterly side of Jackson Street. The adjoining property to the south known by the street number 507 Jackson Street, a vacant lot, is owned by the defendant. It is used for the storage of old iron, metal scrap and similar material.
In or about the month of November, 1943, the defendant proceeded to erect an 18-foot wall to enclose the open part of their said lot. They built it on the front of their lot, on the building line, on the easterly side of Jackson Street. It runs in a northerly direction from the southerly line of their lot, to the southerly line of complainants' lot; from thence it runs at right angles in an easterly direction along their northerly line 5.36 feet to the front end of complainants' building. At the rear of complainants' building, but on or within their own northerly line, the defendant proceeded to excavate in order to establish a base for the proposed wall, and in the course of the work caused complainants' fence which had been standing for ten years on defendant's line, to fall.
The complainants now seek to restrain the defendant from continuing with the erection of the walls as aforesaid, contending that they have acquired a right thereto by adverse possession.
The complainants' building, about thirty years ago, stood on the rear of its present lot, 509 Jackson Street; about that time it was moved forward by the then owners to the front part of the lot within approximately 5.36 feet of the building line of Jackson Street, to its present location. Subsequently, it began to sink and lean to the south and project over the *Page 285 
defendant's lot, 507 Jackson Street. In an attempt to remedy that condition, the owners, in the year 1917, with the permission of the Hoboken city officials, had the building raised and "straightened" (Exhibits D-1 and D-2). Later on, the building leaned over the defendant's said premises, with the result that to-day the roof thereof extends approximately 1.73 feet over the borderline, while at its base it extends 0.95 feet over.
The complainants maintain they are entitled under the covenants of their deed from the defendant, and also by right of adverse possession, to not only the area occupied by the building, but also to the land running on a line parallel with the outermost projection of the building from the Jackson Street building line to the rear of the lot.
The defendant practically concedes that the complainants have a right by adverse possession to that portion of the land which is occupied by their building, or that part of it which the building overlaps.
Complainants argue that due to the fact that defendant took title to the premises and sold it to the complainants, by warranty deed, he is estopped. The conveyance specifically describes the premises as lot No. 5 in block 66 on "The Map of property situate at Hoboken, Hudson County, New Jersey, belonging to the estate of John G. Coster, deceased, surveyed and laid out into lots November 1860 by Daniel Ewen and Austin D. Ewen, City Surveyors, New York," duly filed in the register's office and refers to the premises as 509 Jackson Street. The deed does not describe the property by metes and bounds. The evidence shows that the wall being built by the defendant does not encroach upon the premises conveyed in any way.
There is no dispute in the testimony as to the rear 25 feet of the lot where complainants say there was a shed or stable which was removed several years ago and the land allowed to remain open and clear. If this shed or stable originally had encroached upon the defendant's land, as alleged, then there has been an abandonment of any right that may have been acquired by adverse possession because of the shed's, or stable's, removal and the land remaining open.
There is a dispute as to the location of the said fence which *Page 286 
had stood at the rear of complainants' house, and which had run for a distance of about 40 or 45 feet to where the shed or stable had stood. The evidence shows that an original fense enclosing the property had fallen, through decay, some years ago; and for a period of time the premises were allowed to remain open. Approximately ten years ago a fence replacing the fallen one was erected, but not on the same line as the old one; it was placed in an entirely new location and further within the property line of the defendant. Its period of location is short of the statutory time of twenty years, hence no title by adverse possession is acquired.
The law clearly states that the burden of proving adverse possession is upon the complainants; they must show that the possession has been hostile and under claim of right, actual, open and notorious, exclusive, continuous and uninterrupted for the statutory period.
It is well settled that to constitute adverse possession there must be an actual possession and occupation of the property involved. See R.S. 2:25-1.
In Den, ex dem. Saxton v. Hunt, 20 N.J. Law 487, the court among other things said:
"* * * where a party claims right to land, by virtue of his adverse possession without deed, or any paper title, he is restricted to so much as he and those under whom he claims have had in their actual possession (by substantial enclosures, or under cultivation,) for the full period of twenty years. His possession, in the first place, being wrongful and without the pretense of right, he can claim nothing by construction; because a constructive possession, * * * only accompanies the right. * * * There is always connected with an adverse possession the idea of wrong in the first place; it being an invasion of another's right. Whenever a party relies upon an adverse possession for his right to land, he impliedly admits that the strictly legal right is in another; and that this legal right has been wrongfully invaded, more than twenty years before action brought. And this idea of wrong is associated with every adverse possession in the first place, whether under color of deed or not. For it is a settled principle of law, that two persons cannot be severally seized in fee at the same *Page 287 
time, of the same tract of land. If the title of one is good, that of the other is bad."
In Cornelius and Empson v. Giberson, 25 N.J. Law 1, the court inter alia said (at p. 31):
"It is a settled rule, that the doctine of adverse possession is to be taken strictly; it is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner. A party claiming title by adverse possession always claims in derogation of the right of the real owner. * * * His possession, moreover, must be marked by definite boundaries, designated either upon the land itself or by the description in his deed. * * * A wrongdoer can derive no aid from title; he rests uponpossession alone; the law gives him no constructive possession.Actual occupancy, the pedis positio, is his only warrant, and upon that he must rely. The act of limitations, say the Supreme Court of Pennsylvania, does not prevent the entry of the owner of the land and bringing an ejectment at any time, unless where there has been an actual, continued, visible, notorious, distinct, and hostile possession for twenty-one years. Hawk v.Senseman, 6 Serg. Rawle 21. The possession, say the Supreme Court of Massachusetts, which would defeat the plaintiff's claim for damages for the whole trespass charged must have been a continued possession, an actual occupation to the exclusion of the rightful owner. To extend the principles relative to adverse possession beyond the case of an actual, open, visible, and exclusive possession, would be of the most dangerous consequence, and would be in effect authorizing trespass by law. Proprietorsof Kennebec v. Call, 1 Mass. 483." (Italics mine.)
In the case of Pennsylvania Railroad Co. v. Breckenridge,60 N.J. Law 583; 38 Atl. Rep. 740, the court held that the adverse right derived from mere possession is limited to that which has been based on "A title depending solely on acts of adverse possession, and deriving no color from any deed, does not extend beyond the pedis possessio. The right is commensurate with the use; the enjoyment is limited to that which has been actually enjoyed."
1 American Jurisprudence 920 ¶ 221, says: *Page 288 
"The weight of authority is to the effect that one who remains in continuous, open, and exclusive possession of a building of a permanent nature, which projects over the boundary line, during the statutory period of time in which actions to recover possession of real property may be maintained, acquires title by adverse possession to that portion of the adjoining property covered by the structure, though the building was erected in ignorance of the location of the true boundary line and supposedly on land rightfully owned by the builder. But, although he may acquire title to that portion of an adjoining lot on which his building is thus erected, he does not obtain title to thatpart of the adjoining lot not covered by his building, whichwould have been covered had his building been extended, in linewith the original wall, the full length of the lot." (Italics mine.)
The evidence in the instant case convinces me that possession or occupancy of the disputed portion of the premises cannot be claimed under the color of the deed aforesaid; and, furthermore, complainants never had the actual possession or occupation of the land involved as required by law to give title by adverse possession. They, however, have title to defendant's land which is occupied by the building and to that portion thereof over which the structure projects.
I shall advise an order to conform with these conclusions.