# Campbell, Appellant, *v.* Duggan-Rider Co. et al.

*Party-wall — Building laws — Adverse possession — Permissive entry—Continuance—Presumption—Disseizin—Facing at end of wall—Difference of material.*

1. Where a party-wall sixteen inches wide built of brick extends of that material to within eight inches of the building line, the

use of a facing of stone in the remaining eight inches square over the line for forty years, will not give the party using it title to the eight square inches of his neighbor's land by adverse possession.

2. In such case the mere building of the front eight inches of the party-wall of a different material from the rest of it, could not in itself give rise to a claim of adverse right.

3. The original entry in the eight-inch space was not adverse, but as a matter of right under the party-wall privilege. The entry having thus been permissive or as a matter of right, the presumption is that it continues so.

4. A permissive entry and possession, no matter how long. continued, will never ripen into title, unless there has been a subsequent act of disseizin.

Argued May 4, 1925. Appeal, No. 137, Jan. T., 1925, by plaintiff, from decree of C. P. Erie Co., Feb. T., 1924, No. 6, for defendant, refusing injunction in case of Esther L. Campbell v. Duggan-Rider Company, a corporation, owner, and H. J. Conrath, doing business as H. J. Conrath Company, contractor. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed, modified and bill directed to be dismissed.

Bill for injunction. Before HIRT, J.

The opinion of the Supreme Court states the facts.

A decree was entered refusing the prayer for perpetual injunction, but retaining the bill. See 5 Pa. D. & C. R. 119. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting the record.

*C. C. Eaton,* of *Marsh & Eaton,* for appellant.—One of two adjoining lot owners, by occupying, with the front or facing of his building for a period of more than forty years, openly, continuously, notoriously and adversely the entire space between the street or property line and the end of the party-wall standing about equally on each lot, can acquire the exclusive use of the end of the party-wall for the front or facing of his building: Sorkin v.

Sentman, 162 Pa. 543; Schall v. R. R., 35 Pa. 191; Leininger v. Goodman, 277 Pa. 75; McVey v. Durkin, 136 Pa. 418; Bright v. Morgan, 218 Pa. 178; Western Nat. Bank's App., 102 Pa. 176.

*Frank B. Quinn,* with him *John B. Brooks* and *Charles H. English,* for appellees.—The strip of land, the middle of which constitutes the dividing line between the property of appellant and appellees, was dedicated, in theory of law and by the act of the party-wall regulators for the City of Erie, to party-wall use, and neither party could, by occupying or taking possession of the same, obtain title thereto or to any part thereof: Jackman v. Rosenbaum Co., 263 Pa. 158; Heron v. Houston, 217 Pa. 1.

An entry on land by one who has a right to enter is presumed to be in pursuance of such right, and, if its exercise is not inconsistent with the title of the owner, the possession is not adverse: McCracken v. Roberts, 19 Pa. 390.

The possession of appellee's land by appellant and her predecessors in title was never hostile nor under color or claim of title: Schwab v. Bickel, 11 Pa. 312; O'Boyle v. Kelly, 249 Pa. 13; Mickey v. Hardin, 79 Pa. Superior Ct. 592; Jenkins v. McMichael, 17 Pa. Superior Ct. 476.

The party-wall being jointly owned, either party had the right to use or remove the same as he saw fit so long as he did not interfere with the other party's easement of support: Lukens v. Lasher, 10 Pa. Dist. R. 385; Jackman v. Rosenbaum, 263 Pa. 158.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1925:

Plaintiff and defendant are adjoining property owners in the City of Erie; their buildings front on State Street. The controversy which they bring to our attention is over a piece of ground eight inches square which is within defendant's property line as shown by the deeds of the respective parties, but title to which is

claimed by plaintiff because of alleged adverse possession.

In the year 1866, the regulators of party-walls for the City of Erie, in pursuance of the Act of April 16, 1857, P. L. 222, at the instance of plaintiff's predecessor in title, fixed the width of the party-wall between the two properties at sixteen inches and ordered that it should be erected so that eight inches thereof would be within the property line of each adjoining owner. In December, 1870, the regulators determined that defendant's predecessor in title should pay to plaintiff's predecessor, who had constructed the party-wall, one-half of the cost thereof. The wall was of brick and extended of that material to within eight inches of the building line; in this eight-inch space plaintiff's predecessor put a stone facing similar to that making up the rest of the front of its building. This stone facing was maintained by the prior owner and plaintiff for more than forty years until the latter tore down the original building to erect the ten-story office structure now on the land. In the latter's construction, under an agreement hereafter dealt with, use was made of the brick party-wall as it existed, the stone facing of the new building occupying the same space as the stone facing of the old one.

Defendant proposed to reconstruct its building and in doing so to tear out the eight inches of stone facing within its property line, which plaintiff had built there, and in place of it to put up a facing similar to the front of its, defendant's, own property. Plaintiff filed this bill claiming that she had acquired title to the space 8 x 8 inches by adverse possession, and seeking an injunction to prevent defendant's interfering with or changing the facing of the building as she had constructed it. The court below refused the relief prayed for and plaintiff has appealed.

These further facts may be helpful to bear in mind in settling the dispute which we have in hand: Defendant's predecessor in title erected the building on its property

after the one built by plaintiff's predecessor. Defendant's predecessor, when it came to build, put the wall of its building alongside of and against the party-wall, but made no use thereof or of the eight-inch square space already occupied by the stone facing of plaintiff's predecessor's building. In November, 1915, plaintiff, being about to erect her present structure, entered into an agreement with the executors of the deceased owner of defendant's building, which provided for placing footings under and channeling into the party-wall for the iron columns necessary in the construction of the new building. This agreement recited that "there is a party-wall between said properties about sixteen (16) inches in thickness, jointly owned by the parties, and located about equally on the lands of both."

In its final analysis it would seem that plaintiff's claim of title to the space in controversy rests upon the fact that she and her predecessor built the part of the wall therein out of a material different from the rest of the wall. If the whole party-wall had been built of brick to the building line, we think it too clear for argument that no claim of title by adverse possession could be made to any part of it.

What defendant's predecessor gave up to plaintiff's predecessor was the right to use eight inches of the former's land for party-wall purposes. Therefore the original entry on these eight inches was under this right. Nothing in the record shows that, after this entry on defendant's land was made, any claim was put forward to occupy any part of the eight-inch space adversely unless the mere building of the front eight inches of the party-wall of a different material from the rest of it could in itself give rise to a claim of adverse right, which we think manifestly it could not. It would not be just for plaintiff and her predecessor to acquire a party-wall right on defendant's land without limitation as to its length, defendant's predecessor contributing to the cost of the wall, and to deny to defendant the right

to the use of part of it. The strip of land sixteen inches wide was set apart by the act of the parties and the legal proceedings incident thereto for party-wall purposes; neither owner could by using it as part of a party-wall deprive the other of his party-wall rights in this space; certainly appellant could not by constructing part of her building in the eight-inch space taken from defendant's property for the party-wall. Appellee is not asserting any title in the eight-inch square in derogation of the party-wall privilege, all that it claims is the right to an equal use with appellant of the wall. The subject of party-wall rights was comprehensively reviewed by the present Chief Justice in Jackman v. Rosenbaum Co., 263 Pa. 158 (affirmed in 260 U. S. 22, 67 Lawyers' Ed. 107); it was said in that case (p. 171): "The present proposition comes to this: The strip of land, the middle of which constitutes the dividing line between the properties of plaintiff and defendant, was dedicated, in theory of law, to party-wall use; and, when so desired by either of the respective owners, neither could, without the consent of the other, prevent its occupation for that purpose." See also Western Nat. Bank's App., 102 Pa. 171; McVey v. Durkin, 136 Pa. 418.

There has been no adverse possession by appellant in this case. The agreement to which reference has been made recognizes the rights of the parties in the sixteen-inch strip of ground as those pertaining to a party-wall. Appellant's original entry on the eight-inch space was not adverse but as a matter of right under the party-wall privilege. Having thus entered, plaintiff's predecessor continued in the occupancy under the right, and not adversely. "Where a man has a right to enter upon land and does enter, his entry and subsequent possession is presumed to accord with his right": McCracken v. Roberts, 19 Pa. 390, 395; Landis's App., 102 Pa. 467; Cannon v. Jackson, 252 Pa. 257. The entry having been permissive or by right in the first instance, the

presumption is that it so continues: Johns v. Johns, 244 Pa. 48, 54; Rung v. Schoneberger, 2 Watts 23. A permissive entry and possession, no matter how long continued, will never ripen into title, unless there has been, which there has not in this case, some subsequent act of disseizin: Citizens Electric Co. v. Susquehanna Boom Co., 227 Pa. 448; Demuth v. Amweg, 90 Pa. 181; Chestnut Hill, etc., Co. v. Piper, 77 Pa. 432; note 12 L. R. A. (N. S.) 1140; 2 Corpus Juris, page 265. Appellee could rely upon the presumption that appellant's predecessor's entry, as well as her own, was under the right which existed, and need have given no heed to the idea that it might have been adverse. As was said by Chief Justice MARSHALL: "It would shock that sense of right which must be felt equally by legislators and by judges if a possession which was permissive, and entirely consistent with the title of another, should silently bar that title": Kirk v. Smith, 9 Wheaton 241, 288. "Every presumption is in favor of the possession continuing in the same subordination to the title, and the proof must reach so far as to show that the adverse possession assumed was brought to the knowledge of the holder of the title" (O'Boyle v. Kelly, 249 Pa. 13), and this could not result from the mere circumstance that appellant and her predecessor built the front eight inches of the party-wall of stone instead of brick, the material out of which the rest of the wall was constructed.

The court below properly determined that plaintiff was not entitled to an injunction to restrain defendant from tearing out the eight inches of facing of the wall, and from building a facing, within the eight-inch space, to conform to the front of appellee's building; the court however should not have retained the bill but should have dismissed it; this, on return of the record, the court below will do. The costs are directed to be paid by appellant.