## Baxter, Appellant, *v.* Girard Trust Co.

*Party walls—Extension over line—Adverse possession—Settling*
*of building—Equity.*

1. To establish a claim for land by adverse possession in a bill
to remove encroachments, the burden is on plaintiff to prove the
right with as much certainty as in an action of ejectment.

2. Actual, continuous, visible, adverse, notorious and hostile pos-
session of the land in question for more than twenty-one years must
be shown.

3. Where the quantity of the land is small, the rule as to the
location of the line is exacting; possession to the line, during all
the twenty-one years of the statutory period, must be definitely
shown, and the location of the line must be so definitely estab-
lished as to allow a chancellor to enter a decree and enforce it.

4. Where plaintiff seeks to compel the removal of a wall extend-
ing on and above the middle of a party wall, and the space claimed
is measured by fractions of inches only, widening upwards, the
plaintiff must show an original entry covering the land up to the
line of the claim specified in the bill.

5. If the plaintiff is not able to show that the building was con-
structed as it existed at the time of the trial, he must show that
for twenty-one years it covered the inches described and claimed in

1927.]                    Syllabus—Arguments.

the bill, or a definite part of it; not for parts or fractions of the land at various periods, but for all the land all the time.

6. It is not sufficient to show at the time of the trial a building occupying the land claimed.

7. If it appears at the time of the trial that the building leaned, plaintiff must show that it leaned through the whole of the statutory period.

Argued November 30, 1926.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 240, Jan. T., 1926, by plaintiff, from decree of C. P. No. 3, Phila. Co., June T., 1923, No. 17558, dismissing bill in equity, in case of Thomas E. Baxter, Jr., v. Girard Trust Co.   Affirmed.

Bill to compel removal of wall.   Before DAVIS, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.   Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Franklin E. Barr*, with him *C. Berkeley Taylor*, for appellant.—In dismissing appellant's bill a great wrong has been done him: Pile v. Pedrick, 167 Pa. 296.

Nowhere is there a scintilla of evidence that the wall has shifted to the eastward since constructed; the only evidence is that it has settled.

A party wall is a permanent monument which fixes the location of a boundary line within the meaning of the well established rule that monuments on the ground must prevail over measurements, whether these measurements appear by deed or survey; and provided said wall has been upon the ground over 21 years: Lodge v. Barnett, 46 Pa. 477; Grace Church v. Dobbins, 153 Pa. 294; Medara v. DuBois, 187 Pa. 431; Thompson v. DeLong, 71 Pa. Superior Ct. 282; Hutchinson v. Gas Co., 275 Pa. 380.

The fact that plaintiff built the wall is notice that he claimed the land up to the center of the party wall as

erected: Rung v. Shoneberger, 2 Watts 23; Brown v. M'Kinney, 9 Watts 565; McCullough v. M'Call, 10 Watts 367; McGrath v. Liddell, 85 Pa. Superior Ct. 555; Reiter v. McJunkin, 173 Pa. 82; Miles v. Coal Co., 245 Pa. 94.

*Effingham B. Morris, Jr.,* and *John Hampton Barnes,* of *Barnes, Biddle & Morris,* for appellee.—The distinction between the facts of the present case and those cited on behalf of plaintiff is clearly brought out in the case of Brown & Hamilton Co. v. Johnson, 251 Pa. 378. See also Muia v. Herskovitz, 283 Pa. 163.

The construction of a party wall upon the land of defendant in excess of the limit permitted by statute does not constitute express notice of plaintiff's alleged, actual, adverse, continued, visible, notorious, distinct and hostile possession of the ground occupied or overhung by the party wall: Campbell v. Duggan-Rider Co., 284 Pa. 19.

The principle of law governing the present case is announced in Hayes v. Arcade Real Est. Co., 257 Pa. 566, citing Sharpless v. Boldt, 218 Pa. 372.

OPINION BY MR. JUSTICE KEPHART, January 3, 1927:

This bill seeks to compel the removal of the wall of a building where it extends over and above the middle of a party wall. The court below dismissed the bill.

The parties hereto own adjoining lots in the City of Philadelphia. The east wall of plaintiff's building is a party wall, running north and south. It was built under regulations then existing, extending 6½ inches into each of the adjoining owners' land, and is in two parts, separated by a light court. The part north of the court, ending on South Penn Square, extends 6½ inches into defendant's lot at ground level, and from thence in a vertical plane to the top of his building. The wall at the court between the north and south sections adjoins defendant's land, likewise extending into it 6½ inches.

Here a fence surmounts it.   The southern section extends into defendant's lot at ground level 7⅜ inches,
varying from thence to Ranstead Street, where it is 10
inches.   The wall leans over defendant's lot as it rises to
the top, where it is 10⅞ inches on a line adjoining the
court to 13 inches on the same line at Ranstead Street.
No building had been erected by defendant or former
owners on the lot adjoining the southern section prior to
the one in question.   The northern section of the wall
was used by defendant's predecessors in title, having a
building thereon.   Plaintiff used the wall from South
Penn Square through to Ranstead Street.   Defendant,
in 1922, removed the building on its lot along the front
section of the wall.   Preparatory to erecting a large
building, it caused the land to be surveyed, and the above
distances are taken from this city survey.

Defendant proceeded with its construction and built
east of a vertical line from the top of plaintiff's building
to the ground.   The party wall was not used, and no
part of its structure derives support from it.   But when
the top of the building was reached, defendant extended
its walls over the party wall to the dividing line of the
lots, as shown by the last city survey.   It thus continues
in a vertical line, supported by its own structure, and
covers all but 1½ inches of the southern section here in
contest.

Title to both lots was acquired by deed and the land
held by virtue of description by metes and bounds without reference to natural objects or other monuments;
none was mentioned in the deeds.   Plaintiff's building
was erected in 1892, based on a city survey, and he
claims that, if defendant is permitted to maintain its
wall in its present position, he will ·be unable to build
over the party wall or extend the building higher, thus
being deprived of the full enjoyment of the land.   He
claims "title to the land in a perpendicular line from the
top of the wall up and down."   This is described in his
bill as an irregular shaped piece of ground, "⅞ of an

inch to 3½ inches ground line, and 3 3/16 inches to 6½ inches at the top of the building." The irregular shape comes from the wall leaning to the east. The case presents many novel features, and much might be written on it. The question at issue is serious to both parties, but, after all, it is to be answered by applying some well settled principles of law to the facts, or want of facts, in the case. In so doing we treat the case in line with appellant's contention.

Plaintiff claims, by adverse possession, title to land admittedly within defendant's paper title, and at one time in possession of its predecessors. The claim is not measured by rods or feet, but by inches and fractions of inches. To establish a claim for land by adverse possession in a bill to remove encroachments the burden is on plaintiff to prove the right with as much certainty as if this were an action of ejectment. Actual, continuous, adverse, visible, notorious and hostile possession of the land in question for more than twenty-one years must be shown. The claim here is to a supposed eastern line. Possession to the line during the statutory period must be shown to the satisfaction of the court: Miller v. Shaw, 7 S. & R. 129; Henry v. Huff, 143 Pa. 548, 561. Where the quantity of land involved is small, the rule as to the location of the line is exacting; possession to the line during all the twenty-one year period must be definitely shown. The location must be clear enough to allow a chancellor to enter a decree and enforce it. We repeat, not only must the line be definitely established, but possession to that line for the statutory period must be shown.

The court below held that our decision in Campbell v. Duggan-Rider Co., 284 Pa. 19, controlled the case, and appellant disputes its application. Let us assume that it does not control and center our attention on the subject last mentioned. Plaintiff must first show an entry on defendant's premises. Here we omit the forceful comment of Mr. Justice SCHAFFER in Campbell v. Dug-

gan-Rider Co., supra, on what constitutes an entry. The entry must cover the land up to the line of claim. His building shows, *at this time,* an entry to the line. That is not enough. It must appear that the building when constructed, occupied the place it now does, to the limit contended for in the bill. If the plaintiff is not able to show the building was constructed as it now exists, he must show that for twenty-one years it covered the inches described and claimed in his bill, or a definite part of it; not for parts or fractions of the land at various periods, but for all the land all the time. True, at the hearing plaintiff showed a building now occupying the land. Was it so built in 1892? Did it then occupy the land, or has it occupied the land for twenty-one years last past? *Did it in 1892 lean toward the defendant's land?* If not, when did it begin? The northern section of the party wall, built at the same time as the southern section, with a building on defendant's lot occupying part of the wall, was apparently in line. Why did the south section lean? No plan was offered in evidence to show that the building as it now stands was constructed in accordance with that plan. Nor was there sufficient evidence, in view of the conflicting testimony, to overrule a finding that it does not stand as it stood in 1892. Nor was there testimony to show the building leaned then as it does now. The only evidence of occupation up to the lines claimed during the statutory period is as follows, the owner testifying:

"Q. Who built that building that now stands on the premises? A. I did. Q. When did you build it? A. Started in 1892. Q. So far as you know, is this building in the same condition as it was when it was built? A. It is, with the exception of what changes were made by the United Cigar Stores. They altered the front part. Q. Have you ever made any changes in the walls or in the floors or anything through the south portion of the building? A. None whatever, south or north, with the exception of what I mentioned. Q. So far as you know,

is the party wall, the east party wall, in the same condition now as it was when it was built? A. It is in the same condition as it was when it was built,—the same as it was when it was finished."

"How far he knows" does not appear, and his knowledge may be much or little; it is not that clear testimony necessary in actions of ejectment, but it is on such testimony defendant's land is sought to be taken from it. Even if it be considered as clear proof, compare it as to the extent of the entry and the time it was made, or the occupation of the land to the limit of the lines claimed for twenty-one years, with other evidence. Plaintiff admitted to others that the lean toward defendant's land was partly due to an excavation in 1906. The uncontradicted evidence is that the building had settled badly, causing cracks, or, as testified by Effingham B. Morris, Jr., "We walked from the north end of the building to the south. As you passed the light court and came in the south room on the ground floor of their building, its floors are very perceptibly out of line, sagging to the east; the window frames are also very perceptibly out of line, some sagging to the east. In the south end of the light court, the same condition prevails, namely, that the windows at one end, the east end window, will be clear of the window sill by a perceptible amount, and the west end window will be imbedded in the sill, and that damage was entirely due to the excavation as he claimed, of the Girard Trust Company, in 1905 to 1908." As stated by the court below, "there was testimony from the building inspectors......that the building of the plaintiff had settled, that the joists had moved about an inch at some of the floors. The fact that the plaintiff's building has settled is evident from the photographs taken on the ground before the erection of the defendant's building...... The cracks are apparent in the wall." Appellee earnestly contends, and there was reason to support it, that the encroachments both at the ground and above were due to the settling of the building from ex-

cavations made in 1906. Plaintiff's witness, Brennan, admitted the joists had moved an inch on the seventh floor, indicating a displacement toward the defendant's land occurring since 1892. He did not examine both ends of the joists where each could extend into the walls and move out the necessary distance to cover the lean. This testimony shows a part of the lean occurred after 1892; how much and when it first started does not appear.

Plaintiff failed, in a most essential element of his case, to show to the satisfaction of the court below an entry or possession of the land to the extent of the lines called for in his claim, or a definite part of it.

The chancellor found, on the disputed evidence, "The alleged illegal encroachment of the south portion of plaintiff's wall at the ground level from $\frac{7}{8}$ of an inch at the south end of the light court to $3\frac{1}{2}$ inches at Ranstead Street is evidently due to some extent to the settling of the east wall of plaintiff's building, causing the floors to sag several inches. (2) The evidence reveals no acts or declarations on the part of the plaintiff showing the possession of the ground at the ground level or above the surface to have been hostile, open, notorious, such as to raise a presumption of notice equivalent to actual notice of adverse possession. (3) The testimony raises very grave doubt as to whether the line now claimed by the plaintiff was the line upon which the building was erected, or was due to a settling, sagging, or leaning of the building subsequent to its erection." As there is not sufficient evidence here to definitely fix, during the period of twenty-one years, the location of the eastern line of the lean of his building, or whether the building, when constructed, covered the land at ground level as it now does, or to show definitely the quantity of land, if any, plaintiff is entitled to, his case falls within the principle of law announced by Mr. Chief Justice BROWN in Rodgers v. Pittsburgh, Ft. Wayne, and Chicago Ry. Co., 255 Pa. 462, and stated again in Seitz v.

Pa. R. R. Co., 272 Pa. 84, 88: "To recover any such fractional part of the ground described in the writ, the jury must have been able to describe the property for which such a verdict could be rendered and there was no definite and certain limits fixed in or presented by the plaintiff's testimony or appearing in the case. To have allowed the jury to pass upon that question would have been asking them to guess at the metes, bounds and area." Appellant failed to show title to the thing claimed or to a definite part of it, and the findings of the chancellor are approved.

The decree is affirmed at the cost of appellant.