Commonwealth *v.* Pickett, Appellant.

Submitted November 15, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Patrick F. Casey,* and *Burgess, Casey & Janson,* for appellant.

*Jeffrey Philip Paul, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Manderino, July 1, 1974:

The appellant, James Pickett, was convicted by a jury of first degree murder in 1962. Post-trial motions

were denied on April 29, 1963, without opinion, and the appellant was sentenced to life imprisonment. No appeal was taken following the denial of post-trial motions. On June 7, 1967, the appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180(1)-(4). Relief was denied and an appeal was taken to the Superior Court which certified the appeal to this Court since it involved felonious homicide. On November 11, 1968, this Court, at the prosecution's request, remanded the case for the appointment of counsel to assist the appellant in filing a direct appeal from his judgment of sentence. The original trial judge then filed an opinion, dated February 24, 1971, in support of his April 29, 1963, denial of post-trial motions. This direct appeal from the judgment of sentence followed.

The victim's death occurred as a result of injuries sustained during the commission of a robbery. On June 2, 1960, the victim, Artis Watson, was robbed at 22nd and Federal Streets in Philadelphia. The appellant admitted he struck the victim in the face with his right hand, causing the victim to fall backwards. The victim hit his head on the ground and lay absolutely still. The appellant also admitted that he and his companions then took certain items from the victim, including a watch, some keys, a plastic case containing cards, and some change. The prosecution contended that the robbery was the motive for striking the victim. The appellant denied that he struck the victim with the intent to rob. He said that the robbery was an afterthought. The appellant said that he struck the victim because, as they were crossing the street, the victim, known to the appellant as a homosexual, grabbed appellant's arm and whispered "Come along."

One of the appellant's contentions is that a statement which he gave to the police should not have been admitted into evidence during the trial because he had

not knowingly, intelligently, and voluntarily waived his constitutional rights prior to giving the statement to the police. There was no waiver according to the appellant because he was not given the full *Miranda* warnings. There is no merit to this argument. Appellant's trial was in 1962. The failure to give full *Miranda* warnings at that time does not require a conclusion that the appellant did not knowingly, intelligently and voluntarily waive his constitutional rights. *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964), is only applicable to trials which took place after June 22, 1964. *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), is only applicable to trials which took place after June 13, 1966. *Johnson v. New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772 (1966); *Commonwealth v. Hardy,* 423 Pa. 208, 223 A.2d 719 (1966). The appellant has made no claim that his statement was involuntary under the totality of the circumstances test. *Johnson v. New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772 (1966). We have, nonetheless, reviewed the record and conclude that the appellant's statement was voluntary.

The other questions raised by the appellant concern a claim that he did not receive the effective assistance of trial counsel. The prosecution contends that the appellant has waived his right to raise this claim because it is raised for the first time in this direct appeal. A waiver, however, cannot be found, where, as in this case, trial counsel fails, before the judgment of sentence, to question his own effectiveness as trial counsel. Under these circumstances, on direct appeal, an appellant is entitled to a review of a claim of ineffective assistance of counsel at trial unless the issue has been finally litigated. Appellant's claim in this case was raised in his 1967 PCHA petition, but the issue was not considered. The issue, therefore, has not been finally litigated and is properly before us.

Four arguments are made to support the claim of ineffective assistance of trial counsel. On the record before us, however, we are able to dispose of only the argument that trial counsel was ineffective in failing to object to the admissibility of appellant's statement which was given without prior *Miranda* warnings. Since, as we have discussed earlier in this opinion, *Escobedo* and *Miranda* do not apply to a trial held in 1962, there is no merit to appellant's first argument made to support his claim of the ineffective assistance of counsel.

The other three arguments presented to substantiate the claim of ineffective assistance of counsel are that the appellant was prejudiced because: (1) trial counsel conferred with the appellant on only one occasion during appellant's twenty-eight months of incarceration prior to trial; (2) trial counsel failed to call certain witnesses in appellant's defense; and (3) trial counsel failed to object to the admissibility of appellant's statement which was a product of an illegal arrest. A disposition of these three arguments cannot be made on the record before us. The record contains no findings of fact or conclusions of law on any of these matters. Moreover, the record is totally silent concerning the circumstances of appellant's arrest. Under these circumstances, it is not possible for this Court to determine appellant's claim that trial counsel was ineffective. The matter must, therefore, be remanded for an evidentiary hearing, findings of fact and conclusions of law concerning the appellant's claim of ineffective assistance of trial counsel. If it is concluded that trial counsel was ineffective, a new trial shall be awarded. If, however, the finding is to the contrary, the judgment of sentence shall remain undisturbed. Following the disposition of this claim in the trial court, the appellant shall have the opportunity, if necessary, to file a further appeal to this Court.

The matter is remanded for further proceedings consistent with this opinion.

Mr. Justice POMEROY and Mr. Justice NIX concur in the result.

Mr. Chief Justice JONES dissents.