## Circle Associates v. McFadden

*Steven S. Hurvitz*, for plaintiff.
*Dennis Reiter*, for defendant.

BROWN, JR., *P.J.*, July 22, 1985—This matter comes before the court by virtue of plaintiff's complaint in ejectment filed on October 28, 1983. Plaintiff seeks a decree from this court barring defendant from asserting any right, title or interest in any portion of plaintiff's lot. After a nonjury trial conducted on February 25, 1985, the court enters the following

## FINDINGS OF FACT

1. Plaintiff is a partnership and the owner of a tract of land located on the southeastern corner of the intersection of Bishop Street and South Allegheny Street in Bellefonte, Centre County, Pa. That property is more fully described at Centre County Deed Book, Vol. 144, page 1133.

2. Plaintiff presently operates a donut and coffee shop on the above identified premises. Prior to 1979, the premises were used to operate a gas station.

3. Defendant is an individual and the owner of a tract of land which abuts the eastern border of plaintiff's land. Defendant's property is more fully described at Centre County Miscellaneous Book, Vol. 142, page 867.

4. The exterior of the western wall of defendant's premises is on the boundary line separating the two properties. The wall does not lean to one side or the other.

5. Defendant presently operates a bar and pizza shop in the first floor of his premises, and a restaurant in the second floor.

6. At some time more than 21 years prior to 1982, defendant's predecessor in title installed on the exterior of the west wall (described in finding no. 4) an eaves-type overhang extending from between the first and second floors and two awnings from the tops of the second story windows.

7. The awnings and eaves (described in finding no. 6) appear in a 1959 photograph.

8. The eaves extended out over plaintiff's property approximately 18 to 20 inches and were 18 feet in length extending north to south. The awnings extended out over plaintiff's property approximately 30 inches. The awning covering two windows was six feet, six inches in length. The other awning was three feet in length. The bottoms of both awnings were approximately 16 feet above ground.

9. The length of the awnings was contained within and above the length of eaves.

10. In the summer of 1982, defendant remodeled his premises. He removed the eaves and the awnings and installed, where the eaves had been, an eaves overhang which extended out over plaintiff's property 48 inches. The new eaves are not as long as the old eaves, measuring between 17 and 18 feet. The bottom edge of the new overhang is approximately 10 feet above the ground. The remodeling had to, and did, gain the approval of the Bellefonte Historical and Architectural Review Board.

11. The overhang (described in finding no. 10) appears in a 1984 photograph.

12. Plaintiff has demanded that defendant remove the new overhanging eaves. Defendant has refused.

## CONCLUSIONS OF LAW

1. By the summer of 1982, defendant had obtained a prescriptive easement in the air space above plaintiff's property occupied by the eaves and awnings described in finding no. 8.

2. The replacement eaves installed by defendant in 1982 are a use permissible under the existing easement.

3. Defendant is entitled to maintain the eaves overhang where it existed at the time of the instant trial.

## DISCUSSION

The first question this court must decide is whether or not an encroachment such as the eaves and awnings in question may ripen into adverse possession. In general, case law throughout the United States is not in harmony as to whether or not encroachments may constitute a basis for title by adverse possession. Many courts have held that an encroachment into the air space of a landowner does not amount to exclusive possession of the land below it. See, e.g., Randall v. Sanderson, 111 Mass. 114 (1872); Myers v. Oklahoma City Federal Sav. & Loan Assoc., 198 Okla. 32, 174 P.2d 371 (1946) (eaves existing for statutory period of 21 years resulted in no title to the land under the eaves).

In Pennsylvania, however, case law indicates such an encroachment may ripen into title by adverse possession. In Baxter v. Girard Trust Co., 288 Pa. 256, 133 Atl. 620 (1927), the Pennsylvania Supreme Court recognized that title to land by adverse possession could be based upon a wall of a building which leans out over another's property. The court denied plaintiff's claim because he failed to prove that the wall had, in fact, leaned out over defendant's property to the same degree 21 years prior to the time of suit. Id. at 261, 135 Atl. at 623. See also, Scarcella v. Ascolese, 135 N.J. 283, 38 A.2d 194 (1944); Mentzer v. Dolen, 178 Neb. 42, 131 N.W.2d 671 (1964) (eaves of house encroached two feet for statutory period constituted adverse possession of land beneath eaves).

Another line of cases holds that an encroaching overhang cannot ripen into adverse possession of

the land below it, but may give rise to an easement by prescription to use the air space occupied by the encroachment. See, e.g., Randall v. Sanderson, 11 Mass. 114 (1872); Ariola v. Nigro, 16 Ill.2d 46, 156 N.E.2d 536 (1959); Romans v. Nadler, 217 Minn. 174, 14 N.W.2d 482 (1944); McCarty v. Sheets, Ind. , 423 N.E. 2d 297, 301 (1981) (three-foot eaves created prescriptive easement). These cases draw a distinction between adverse *use*, and adverse and exclusive *possession*.

A federal court in this district adopted the reasoning in this latter line of cases. In Waidlich v. Farmers Bank of Mercersburg, 149 F.Supp. 741 (M.D., Pa. 1957), Judge Follmer, ostensibly applying Pennsylvania case law, held that a four-foot overhang which encroached out over the land of plaintiff for a period in excess of 21 years gave rise to an easement by prescription. Id. at 748-49. We find the reasoning in Waidlich, Randall and Ariola to be persuasive. To the extent this court would be bound by the holding in Baxter, 288 Pa. 256, 135 Atl. 620, we distinguish the instant case from Baxter by the fact that the instant encroachment was not a brick exterior party wall, as in Baxter, but was a pair of awnings and an eaves overhang which are less permanent in nature and constituted mere use of air space in the strictest sense.

Therefore, we hold that by the summer of 1982, defendant had obtained a prescriptive easement to use the air space above plaintiff's property occupied by the eaves and awnings described in finding no. 8.

The second question this court must answer is whether or not the remodeling of defendant's premises in 1982 constituted a valid extension of the existing easement. Unlike title to land, prescriptive easements are not quantified in exact inches and feet, but by the degree and extent of *use* giving rise

to the easement. In Bodman v. Bodman, 456 Pa. 442, 321 A.2d 910 (1974), the Pennsylvania Supreme Court stated:

"Because it is created by adverse use, an easement by prescription is limited by the use made during the prescriptive period. . . . (Citations omitted.)

"This limitation is not, however, absolute. . . . "[N]ormal *evolution* in the use of the dominant tenement" will permit reasonable increases in the burden imposed upon the servient tenement." Restatement of Property, §479. Id. at 446, 321 A.2d at 912.

The court in Bodman went on to analyze the easement before that court pursuant to Restatement of Property, section 478, which reads:

"In ascertaining whether a particular use is permissible under an easement created by prescription, a comparison must be made between such use and the use by which the easement was created with respect to

(a) their physical character,

(b) their purpose,

(c) The relative burden caused by them upon the servient tenement." The physical character of the remodeled eaves differs from the encroachments giving rise to the easement to the extent that it extends over plaintiff's property 18 inches further than either of the original awnings. However, the new eaves are no greater in length, and are located toward the front of plaintiff's property, over the front portion of plaintiff's parking lot.

Regarding the relative burden caused by the new eaves, comment (c) to section 478 states:

"An increase in the burden on the servient tenement beyond that caused by the adverse use by which an easement was created is an undue increase if it is such an increase as, it may reasonably

be assumed, would have provoked an interruption in the adverse use had the increase occurred during the prescriptive period. It is an increase such that its tolerance is not implicit in the tolerance of the adverse use by which the easement was created."

The history of the instant properties indicates that it may *not* be reasonably assumed that the extension of the eaves during the prescriptive period would have provoked plaintiff's predecessor-in-title to interrupt the use. Just the opposite may be assumed. There is nothing on the record to indicate that any former owner ever objected to the installation of the awnings or the eaves, despite the fact that both encroached upon plaintiff's property to a significant degree. The new overhang, although 18 inches greater in length than any existing encroachment, is not more conspicuous. Plaintiff has no recourse against his predecessors-in-title for their failure to interrupt the adverse use giving rise to the instant easement.

In considering the location of the eaves over plaintiff's property, the court concludes the eaves creates no unreasonable burden on plaintiff's property. Pursuant to our preceding analysis under section 478, we hold that defendant's use of the easement by remodeling the eaves in 1982 was a permissible use under the easement.

Our holding is also supported by comment (a) to section 479, which states:

"All land is subject to constant change in its condition. Both natural forces and human activities contribute to the change. Every tract of land is constantly being altered, sometimes slowly, sometimes rapidly, under the influence of . . . human activities. . . . The extent of an easement created by prescription can never be exactly measured by the

condition of the dominant tenement during the period of prescription."

Some of the "human activities" influencing the remodeling of defendant's premises included the requirement that defendant's plans be approved by the Bellefonte Historical and Architectural Review Board. Defendant acted reasonably in proposing a remodeling scheme that would gain approval of the review board.

To conclude, in light of history and location of the encroachments and the circumstances surrounding the remodeling completed in 1982, we hold that the replacement eaves installed by defendant in 1982 is a use permissible under the existing prescriptive easement.

## VERDICT

And now, this July 22, 1985, verdict is awarded in favor of defendant William Joseph McFadden and against plaintiff Circle Associates.

Defendant shall be entitled to maintain the eaves overhang described in finding no. 10 where it existed at the time of the instant trial.