William R. VAUGHAN, Appellant,

v.

Ida Mary HOLDERER, Appellee.

Court of Appeals of Kentucky.

Nov. 26, 1975.

Rehearing Denied Feb. 6, 1976.

I. G. Spencer, Louisville, for appellant.

Edward T. Ewen, Jr., Marvin E. Jewell, Louisville, for appellee.

VANCE, Commissioner.

This is an appeal from a summary judgment which set aside as champertous a deed to appellant, William Vaughan, and enjoined him from interfering with the use and occupancy of the premises by appellee, Ida Mary Holderer.

Affidavits and depositions filed in connection with the motion for summary judgment reveal that the appellant is the owner of lots numbers five and six fronting on Warwick Avenue in the City of Louisville. He acquired these lots by deed in 1968 or 1969 at a time when there was no fence between lots numbers six and seven. The appellee is the owner of lots numbers eight, nine and ten on Warwick Avenue. She acquired her lots by deed from her father, Charles Ochsner, in 1945. She lives with

her husband and her father in a residence constructed upon lots eight, nine and ten.

This controversy centers upon lot number seven, a vacant lot, which lies between the property owned by the appellant and that owned by appellee. Lot number seven was owned by Owen McCann. It passed by descent to his son, Fred McCann, who conveyed it to the appellant.

For many years Mr. Charles Ochsner cut the grass and cared for lot number seven in the same manner as he had cared for the lawn of his residence on lots eight, nine and ten. At one time he tended a garden on lots five and six before they were owned by the appellant and he constructed a fence on the line between lots six and seven to keep livestock out of the garden on lot number six. The record does not show that lot number seven was ever entirely enclosed by a fence or that Mr. Ochsner claimed to own it. He paid taxes on the property for a number of years but stated that he was given permission to use the property by some of the relatives of the owner, Owen McCann.

After Mr. Ochsner conveyed lots eight, nine and ten to his daughter in 1945, she continued to maintain lot number seven by cutting the grass, etc., but the record does not show that she ever claimed ownership of the property until 1971.

In 1971 appellant commenced to make use of a portion of lot number seven to park his truck and to store materials he used in his business. The appellee told him that he should not use the lot for business purposes and constructed a fence between lot number six and lot number seven.

Appellant discovered that Mrs. Holderer did not hold title to lot number seven. He then purchased the lot from the heirs of Owen McCann and proceeded to move the fence constructed by Mrs. Holderer.

Mrs. Holderer instituted this action in which she claimed title to lot number seven by adverse possession. She demanded that title be quieted in her and that appellant's deed be declared void for champerty.

Upon appellee's motion a summary judgment was entered which held appellant's deed void for champerty and enjoined appellant from interfering with appellee's use and occupancy of lot number seven.

KRS 372.070(1) provides:

"(1) Any sale or conveyance, including those made under execution, of any land, or the pretended right or title thereto, of which any other person has adverse possession at the time of the sale or conveyance, is void; but this section does not render void any devise of land in adverse possession."

[1, 2] It follows that appellant's deed is champertous if, at the time he purchased lot number seven, the appellee claimed ownership of the lot and held it by adverse possession. It is not necessary that her adverse possession have matured into title but only that the adverse character of her possession be such that it would ripen into a fee simple title if held uninterruptedly for the prescribed period of time. *Wells v. Wells,* Ky., 346 S.W.2d 33 (1961). To ripen into title the adverse possession must be accompanied by a claim of ownership of the property. *Chesapeake & O. Ry. Co. v. Rosskamp,* 179 Ky. 175, 200 S.W. 496 (1918).

The evidence makes it clear that appellant, at the time he purchased lot number seven, knew the appellee claimed to own it. His knowledge of her claim however, would not render his deed champertous unless in addition to her claim of ownership she also held the lot by adverse possession of a character which would eventually ripen into title.

The answer to the complaint raises an issue as to whether appellee possessed the property adversely and it seems to the court that the depositions and affidavits of record do not warrant a holding that there is no genuine issue as to any material fact or that appellee is entitled to judgment as a matter of law.

The evidence of record does not show that appellee has ever occupied and possessed lot number seven in an open and hostile manner against the claim of all other persons. Lot number seven joined her property with no visible boundary marking. The fact that her father paid taxes on the property and that she cut the grass over a number of years does not constitute adverse possession that will ripen into title. *Kentucky Women's Christian Temperance Union v. Thomas*, Ky., 412 S.W.2d 869 (1967). The fence which was erected between lots numbers six and seven did not enclose the property and the record title holder was never cut off from access to or use of his property by act of the appellee.

We do not pass upon appellant's contention that KRS 372.070 is applicable only as a defense because nothing in the record indicates that argument was brought to the attention of the trial judge.

The judgment is reversed for further proceedings upon the merits.

All concur except STERNBERG, J., not sitting.