**Russell McCARTY, Appellant (Plaintiff Below),**

v.

**Carl A. SHEETS and Anna L. Sheets, Appellees (Defendants Below).**

**No. 3–877A209.**

Supreme Court of Indiana.

July 8, 1981.

Marshall F. Kizer, Kizer, Neu, Joyce, Hite & Wyland, Plymouth, for appellant.

Frederick E. Rakestraw, Brown, Brown & Rakestraw, Rochester, for appellees.

ON PETITION TO TRANSFER

PRENTICE, Justice.

This cause is before us upon the petition of Plaintiff (Appellant) Russell McCarty, to transfer it from the Court of Appeals, Third District, that Court having affirmed the judgment of the trial court by decision and opinion reported at 391 N.E.2d 834.

Transfer is hereby granted pursuant to Ind.R.App.P. 11(B)(2)(a) in that the Court of Appeals' decision contravenes a ruling precedent of this Court requiring that in order for possession of real estate to ripen into title thereto, it must be adverse, actual, open, notorious, exclusive, continuous and under a claim of right for the prescribed statutory period. *Craven v. Craven*, (1913) 181 Ind. 553, 103 N.E. 333, *reh. denied*, 181 Ind. 560, 105 N.E. 41; *Rennert v. Shirk*, (1904) 163 Ind. 542, 72 N.E. 546.

Plaintiff (Russell McCarty) and Defendants (Carl A. Sheets and wife, Anna) are the record owners of adjoining improved residential lots, Plaintiff being the record owner of lot number twenty (20) and the west one-half (½) of lot number twenty-one (21); and the defendants being the record owners of lot number twenty-two (22) and the east one-half (½) of lot number twenty-one (21).

The material facts are not in dispute. Defendant's title and occupancy dated from 1956, while Plaintiff's title and occupancy dated from 1967. The defendants' garage, however, had been erected by former owners in 1937. The garage is situated approxi-

mately midway between the front and rear lot lines, and the west wall of such building encroaches beyond their property line onto the property of the plaintiff, the extent of such encroachment being one and four-tenths feet (1.4′) at the rear (south) end of the building and two feet (2′) at the front (north) end thereof. The eaves of said building encroach an additional one foot (1′) over the plaintiff's land. These encroachments, however, were not known until 1973.

Shortly after the encroachments were discovered, Plaintiff filed suit to compel the defendants to remove them; and the defendants filed a cross-complaint seeking to quiet title in themselves, as to a strip of land five (5) feet in width, off the entire east side of the west one-half (½) of lot twenty-one (21), i. e., five (5) feet along the entire east side of the plaintiff's land, according to the recorded deed description.

In addition to the facts above stated, the evidence disclosed that for a period of from 1956 until 1973 the defendant cut the grass along the west side of his garage and from the general area in front and in back of it, and that he paid all the taxes assessed against his real estate, which by inference is taken to mean that he paid the taxes assessed against the garage building. The evidence in this respect was the testimony of the defendant, Carl Sheets, which was as follows:

Direct examination of Carl A. Sheets:

"Q. What parts or what territory around the garage have you used in your occupancy of the house? Have you used the land behind and to the side of the garage?

"A. I have mowed it, if you mean that.

"Q. All right.

"A. I have mowed it.

"Q. And how far—how far west have you mowed it, referring to the side of your garage?

"A. I mowed over to the middle to the line. I mowed it, maintained it, protected it, cut dock out of it, thistles, and would rake the leaves off of it for about twenty years.

"Q. All right and is that continuously from the time you took possession of that house up to the present time?

"A. For twenty years, yes.

"Q. During the period of time you've owned the property have you paid the taxes as they were assessed against your real estate?

"A. I have."

"Transcript pages 136–137—

"Cross-examination of Carl A. Sheets:

"Q. Now as I understand, when you were talking about mowing, cutting thistles, weeds, and pulling all of the bad things around the garage that you said that you had been doing this continuously for more than twenty years, is that correct?

"A. I have done it every year for twenty years.

"Q. Well you said something to the effect as I wrote it down here that you had done this for more than twenty years?

"A. Twenty years.

"Q. All right, did you—were you doing this before you bought the property?

"A. I—no.

"Q. In other words, you didn't go over there for Mr. Irie or Mrs. Irie or whoever you bought it from to pull weeds?

"A. I did not.

"Q. And police that area, is that correct?

"A. I did not.

"Q. Does grass grow between the two garages?

"A. That is right. No, not between the two garages, no.

"Q. Well where did you mow this grass between the garages?

"A. I didn't mow between garages.

"Q. You didn't mow between the garages? Well were there any thistles between the garages?

"A. There were thistles between the garages.

"Q. And do you pull these or cut these out?

"A. I cut—yes, I did.

"Q. Well have you ever mowed between the garages?

"A. Not between the garages.

"Q. There just nothing grows in there does it?

"A. Nothing grows there.

"Q. The sun is shut out and it gets a lot of water between the two doesn't it?

"A. Some water."

391 N.E.2d 834, 837–38.

Upon the foregoing stated evidence, the trial court quieted title in the defendants, not only to the land upon which their garage stood but to a strip of land four feet and two inches (4' 2%d) wide along the entire east side of Plaintiff's land, a distance of one hundred fifty feet (150'), reciting that it was the intention to establish the boundary line at a point midway between the garages of the plaintiff and the defendants.

However Solomon-like the judgment may be as a rational resolution of an irrational dispute between quarreling neighbors, the judgment cannot stand. Solomon, it must be considered, was not bound by our laws governing the ownership of real property.

As stated by Judge Hoffman in his dissent to the opinion of the Court of Appeals, "The most that can be drawn from the above testimony is that Sheets did some yard work on the side of the garage and some behind the garage."

"There is absolutely no evidence that Sheets did anything to a strip of land 4 feet and 2 inches wide along the whole side of McCarty's land."

■ At the outset, we note that "record title is the highest evidence of ownership, and is not easily defeated," and that while such "title may be defeated by adverse possession, . . . mere possession is the lowest evidence of ownership." *Philbin v. Carr*, (1920) 75 Ind.App. 560, 582, 129 N.E. 19, 27. It is not contested that in the instant case, Plaintiff is the record owner of the land in dispute.

■ In order for Defendants to have prevailed upon their counterclaim, it was incumbent upon them to demonstrate that they had acquired title to the pertinent property by virtue of their adverse possession of it. Such possession is established by the open, continuous, exclusive, adverse and notorious possession of property for the statutory period. *E. g. Craven v. Craven, supra; Worthley v. Burbanks*, (1897) 146 Ind. 534, 45 N.E. 779; *Penn Central Transportation Co. v. Martin*, (1976) 170 Ind.App. 519, 353 N.E.2d 474. The question before us is whether the defendants' possession was open and notorious, as well as continuous, and we hold that except to the land actually occupied by their garage, it was not.

■ Cases of adverse possession must, of necessity, be decided on a case by case basis, for what constitutes possession of a "wild" land may not constitute possession of a residential lot, just as possession of the latter may not constitute possession of a commercial lot. *See Worthley*, 146 Ind. at 540, 45 N.E. at 781; *Smith v. Brown*, (1956) 126 Ind.App. 545, 553, 134 N.E.2d 823, 826. It is apparent, however, that in all cases, the possessor's claim "must be limited to that portion over which he exercises palpable and continuing acts of ownership, as being the quantity which he claims as his own, there being no other evidence, in such case, to enable us to determine the quantity." *Bell v. Longworth*, (1855) 6 Ind. 273, 277. Here, the only "palpable and continuing" act of ownership went to the land actually encroached upon by Defendants' garage. The other activities of the defendants were not of the same genre. Furthermore, "[w]here the quantity of land involved is small, the rule as to the location of the line is exacting; possession to the line during all the [statutory] period must be definitely shown." *Baxter v. Girard Trust Co.*, (1927) 288 Pa. 256, 260, 135 A. 620, 621. *See Sherrard v. Henry*, (1921) 88 W.Va. 315, 320–21, 106 S.E. 705, 707. Defendants rely on their activities of maintenance as satisfying this standard.

■ We are of the view that while maintenance activities in a residential area are a factor in a property dispute, standing alone, they are not sufficient to support a divesture of property based upon adverse

possession. *See Penn Central Transportation Co.*, 170 Ind.App. at 524, 353 N.E.2d at 477–78 (mowing grass and erecting improvements held sufficient); *Smith*, 126 Ind.App. at 544–45, 134 N.E.2d at 827 (mowing grass, establishing hedge fence, trimming shrubbery and planting flowers held sufficient); *Vaughan v. Holderer*, (1975) Ky., 531 S.W.2d 520, 522 (mowing grass and paying taxes held sufficient). Furthermore,

> possession must be notorious. It must be so conspicuous that it is generally known and talked of by the public—at least by the people in the vicinity of the premises. It must be manifest to the community. In the course of twenty years a visible occupancy naturally ought to become notorious. It ought to be so well known and commonly understood that the people residing in the neighborhood could testify with substantial unanimity concerning its existence. Where the persons who have passed frequently over and along the premises have been unable to see any evidence of occupancy, evidently the possession has not been of the character required by the rule. The purpose of this requirement is to support the principle that a legal title will not be extinguished on flimsy and uncertain evidence. Hence, where there has been no actual notice, the possession must have been so notorious as to warrant the inference that the owner ought to have known that a stranger was asserting dominion over his land. Insidious, desultory, and fugitive acts will not serve that purpose. To have that effect the possession should be clear and satisfactory, not doubtful and equivocal. *Philbin,* 75 Ind.App. at 584–85, 129 N.E. at 27–28 (citations omitted).

Thus, periodic or sporadic acts of ownership are not sufficient to constitute adverse possession. *Kentucky Women's Christian Temperance Union v. Thomas,* (1967) Ky., 412 S.W.2d 869, 870; *Romans v. Nadler,* (1944) 217 Minn. 174, 178, 14 N.W.2d 482, 485. The defendants' actions, being of this nature, were not sufficient, and it follows, therefore, that the trial court erred in awarding them more land than that actually occupied by their garage. *See also Gloyd v. Franck*, (1913) 248 Mo. 468, 154 S.W. 744; *Mentzer v. Dolen*, (1964) 178 Neb. 42, 131 N.W.2d 671; *Scarcella v. Ascolese*, (1944) 135 N.J.Eq. 283, 38 A.2d 194.

■ The evidence also supports the establishment of a prescriptive easement in the defendants to maintain the eaves of their garage, as presently located over the land of the plaintiff. *Geiger v. Uhl*, (1932) 204 Ind. 135, 145, 180 N.E. 10, 13; *Romans*, 217 Minn. at 178–179, 14 N.W.2d at 486.

■ Plaintiff also challenges that portion of the judgment of the trial court which denied him relief upon his complaint, arguing that it is contrary to the evidence. Such an argument presents no error for review, because he is appealing from a negative judgment. *See Hiatt v. Yergin*, (1972) 152 Ind.App. 497, 284 N.E.2d 834, *overruled on other grounds, Erdman v. White*, (1980) Ind.App., 411 N.E.2d 653; *see also Link v. Sun Oil Co.*, (1974) 160 Ind.App. 310, 312 N.E.2d 126; *Sekerez v. Board of Sanitary Commissioners*, (1974) 160 Ind. App. 13, 309 N.E.2d 460, 312 N.E.2d 98; *Inkoff v. Inkoff*, (1974) 159 Ind.App. 239, 306 N.E.2d 132; *Lindenborg v. M & L Builders*, (1973) 158 Ind.App. 311, 302 N.E.2d 816; *Jameson v. McCaffry*, (1973) 157 Ind.App. 480, 300 N.E.2d 889.

The decision and opinion of the Court of Appeals, Third District, are ordered vacated. The judgment of the trial court is affirmed as to its denial of relief to Plaintiff upon his complaint and reversed as to the relief granted to Defendants upon their cross complaint; and the cause is remanded to the trial court with instructions to enter judgment in accordance with this opinion.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.