**Glenn OSWALD, Appellant (Defendant Below),**

v.

**John PASTON and Caroline Paston, Appellees (Plaintiffs Below).**

No. 75A03–8610–CV–294.

Court of Appeals of Indiana, Third District.

June 25, 1987.

Rehearing Denied Aug. 11, 1987.

---

Henry R. Hart, Knox, for appellant.

Thomas O. Mulligan, Knox, for appellees.

HOFFMAN, Judge.

Defendant-appellant Glenn Oswald appeals a trial court judgment awarding plaintiffs-appellees John and Caroline Paston ownership of a portion of Oswald's lakefront lot by adverse possession.

The evidence relevant to his appeal discloses that the Pastons claimed ownership of a strip of land approximately eight feet in width, which lies within a lot owned by Oswald. The Pastons own a lot which adjoins Oswald's lot. The Pastons maintain a residence on their land while Oswald's lot is vacant. The Pastons have owned their property since 1942. Oswald acquired his lot in 1978. The Pastons have lived in the house on the property continuously since December 1972. Prior to that, the house was occupied some of the time by Mrs.

Paston and her first husband and part of the time by tenants. On the north side of the lot owned by the Pastons there is a sidewalk to the side entrance of the house. The sidewalk ends at a gate with posts at the front of the house.

Oswald's property runs from the gate down to the water's edge on the north side of the Paston's property. As evidence of their ownership of the eight-foot strip of property which lies within the legal description of Oswald's property, the Pastons testified to their use of the area. The Pastons or their tenants maintained the strip of land adjacent to the house since 1942. The land was mowed and fertilized along with the rest of the Pastons' yard. Mrs. Paston planted a flower bed and a tree within the area. Mr. Paston brought in fill dirt to cover the area. The sidewalk and gate within the area were used by the Pastons and the tenants as an access route to the side entrance of the house. One tenant maintained a gift shop in the house which utilized the side entrance. Mr. Paston maintained the sidewalk and rebuilt one of the posts for the gate. Additionally, during the building of a seawall by Oswald, Mr. Paston told the excavating person to stay off of his property which included the eight-foot strip of land.

Oswald countered with his evidence that he was the true owner of the eight-foot strip of land in question. Shortly after Oswald acquired the vacant lot adjacent to the Pastons' property, Oswald had a survey performed. The survey revealed that a few inches of the Pastons' residence extended onto Oswald's property. Additionally, some of the sidewalk and gate area, as well as the yard area maintained by the Pastons, extended onto the surveyed property. Oswald mowed portions of the area claimed by the Pastons. Further, Oswald hired someone to remove one of the trees in the disputed area after it fell during a windstorm.

The evidence was presented to the trial judge on January 23, 1986. The court continued the cause for ten days to allow the Pastons to file a reply memorandum. On April 28, 1986 Oswald filed a praecipe to

withdraw submission of the case from the trial judge. An entry was prepared for the clerk's signature stating that the praecipe was premature. The trial court then entered judgment for the Pastons. This appeal ensued.

Oswald presents three issues for review. As restated, the issues are:

(1) whether there was error in the determination that Oswald's praecipe to withdraw submission of the case from the trial judge pursuant to Ind. Rules of Procedure, Trial Rule 53.2 was premature;

(2) whether T.R. 53.2, in conjunction with T.R. 53.1, requires a determination of the time delay by the clerk of the court or may the clerk deliver the praecipe to the court for a determination of the matter; and

(3) whether the evidence sufficiently established adverse possession of the strip of land by the Pastons.[1]

Oswald's first ground for error questions the determination that Oswald's praecipe pursuant to T.R. 53.2 was premature. After a matter has been tried to a court and the judge has taken the matter under advisement, T.R. 53.2 provides that the failure to rule on any issues of law or fact within 90 days, allows withdrawal of the cause from the trial judge for appointment of a special judge.

In the present case the evidence was heard by the trial judge on January 23, 1986. On that day a minute sheet entry signed by the trial judge noted that the evidence was heard and final arguments were given. Additionally, the court noted "[c]ause continued to enable Plaintiffs to file a reply memorandum within 10 days." The reply memorandum was filed on January 31, 1986.

In the case of *In re Ordinance No. 464 v. City of Jasper* (1961), 133 Ind.App. 1, 176 N.E.2d 906, the Appellate Court of Indiana determined that a predecessor to the current T.R. 53.2 could not be invoked until the parties had submitted their drafts of proposed findings of facts and conclusions of law. 133 Ind.App. at 17–18, 176 N.E.2d at 914–915. This was true even though the trial court stated, prior to ordering the drafts, that it was taking the matter under advisement.

■ The court in this case stated that it was continuing the matter for the submission of a memorandum. The 90–day time period did not begin to run until the memorandum was filed with the court on January 31, 1986. Consequently, there was no error in failing to withdraw the case from the trial court in that the 90–day period had not expired at the time of the praecipe.

■ Oswald next urges error based upon his attorney's affidavit that the clerk directed the filing of the praecipe with the trial court rather than the clerk. While the trial rules do provide for a determination of the time period by the clerk; because there was no error in the determination that Oswald's praecipe was premature, Oswald's contention cannot form the basis for reversible error. Further, the record demonstrates a finding by the Clerk of the Starke Circuit Court that the praecipe was premature.

Finally, Oswald questions the sufficiency of the evidence supporting the finding of adverse possession. "[I]n order for possession of real estate to ripen into title thereto, it must be adverse, actual, open, notorious, exclusive, continuous and under a claim of right for the prescribed statutory period." *McCarty v. Sheets* (1981), Ind., 423 N.E.2d 297, 298; *see also,* IND. CODE § 32–1–20–1 (1982). On appeal Oswald alleges that the evidence mainly demonstrates yard maintenance by the Pastons and does not establish open, notorious and exclusive possession.

Oswald relies upon *McCarty, supra,* and *Greene v. Jones* (1986), Ind.App., 490 N.E.2d 776 for the proposition that in a dispute over property in a residential area, evidence of yard maintenance alone will not support a finding of adverse possession. The Court in *McCarty, supra,* stated that adverse possession of land must be decided upon a case by case basis because "what

---

**1.** A fourth issue Oswald raised is not supported by citation to authority; thus, it is waived. *SCM*   *Corp. v. Letterer* (1983), Ind.App., 448 N.E.2d 686, 691.

constitutes possession of a 'wild' land may not constitute possession of a residential lot, just as possession of the latter may not constitute possession of a commercial lot." *McCarty, supra,* 423 N.E.2d at 300.

■ Without a determination as to the applicability of *McCarty, supra,* and *Greene, supra,* based upon a finding that the property in dispute here lies within a residential area; the evidence in this case establishes more open, notorious and exclusive acts of possession than yard maintenance. Besides mowing and fertilizing the area, the Pastons planted a flower bed and a tree in the area, they bought fill dirt for the area which was delivered by trucks which drove onto the disputed land, and they maintained the seawall in the disputed area. Mr. Paston had claimed ownership of the land by ordering a worker hired by Oswald off of the disputed land. Additionally, a surveyor hired by the Pastons stated that he noticed a possession or use line which would support the Pastons' open and conspicuous use of the area. Sufficient evidence supports the trial court's determination that the Pastons acquired adverse possession of the disputed property.

The trial court's judgment is affirmed.

Affirmed.

GARRARD and CONOVER, P.JJ., concur.