**Mr. and Mrs. J.C. CARTER, Appellants (Defendants Below),**

v.

**Edward MALONE and Dadine Malone, Appellees (Plaintiffs Below).**

No. 20A03-8902-CV-50.

Court of Appeals of Indiana, Third District.

Oct. 16, 1989.

Lee Roy Berry, Jr., Elkhart, for appellants.

Robert W. Miller, Miller & Miller, Elkhart, for appellees.

HOFFMAN, Justice.

Appellants Mr. and Mrs. J.C. Carter appeal an adverse possession judgment in favor of Edward and Dadine Malone. The trial court awarded the Malones a seven-foot wide strip of property on Lot 164 in Wolf's Second Addition to the City of Elkhart. In 1970, the Malone family purchased Lot 163 and the one-story frame house on it. In 1971, the Malones built a garage which protruded onto Lot 164 by 1.2 feet. In 1981, the Carters purchased vacant Lot 164. In 1984, before measuring the lot, the Carters offered to purchase a four-foot strip of land from the Malones. The Malones refused the offer to purchase.

After measuring the property, the Carters discovered that the Malones' garage protruded onto their lot and the Malones' house was less than four feet from the property. In 1984, the Carters constructed a duplex rental property on Lot 164.

In 1987, the Malones filed a complaint for adverse possession. Following a hearing, the trial court ruled in favor of the Malones and stated in part:

"The court finds that the plaintiffs herein had established sufficient adverse possession of said subject real estate from 1970, and that from 1970 to date had evinced the statutorily required adverse, visible, notorious and exclusive claim of ownership over the real estate. This evidence is substantiated by the defendants offer to purchase a portion of that real estate from the plaintiffs upon the impending construction of his duplex on the adjoining property. Further, substantiating the plaintiffs' position in this cause is the fact that for a substantial number of years a garage erected by the plaintiff was on a portion of the disputed real estate. The court having totally reviewed the evidence in this cause now finds that the law is with the plaintiff and against the defendant and that more than adequate and sufficient evidence exists of the required adverse possession and that plaintiff is entitled to a judg-

ment of a portion of the real estate between the property to and including the mid-line of the tree and hedgeline contained therein; and a judgment should be and hereby is awarded to the plaintiff subject to legal definition being included for the award herein."

■ Appellants question the sufficiency of the evidence supporting adverse possession. Record title is the highest evidence of ownership, and is not easily defeated and while title may be defeated by adverse possession, mere possession is the lowest evidence of ownership. In order for possession of real estate to ripen into title, it must be adverse, actual, open, notorious, exclusive, continuous and under a claim of right for the prescribed statutory period. *McCarty v. Sheets* (1981), Ind., 423 N.E.2d 297, 298. Successive periods may be tacked together to attain the prescribed statutory period. *Ford v. Eckert* (1980), Ind.App., 406 N.E.2d 1209, 1210.

■ The evidence showed that a row of trees and bushes existed on Lot 164. The trial court awarded the Malones a strip of land to the mid-line of tree and hedge-line. The Malones trimmed the trees and hedges and mowed the lawn around the row of trees since 1970. Periodic or sporadic acts of ownership such as maintenance activities, standing alone, are not sufficient to constitute adverse possession. *McCarty v. Sheets*, at 300-301.

The trial court relied on evidence that the Carters made an offer to purchase a four-foot strip of the Malones' Lot 163. The Malones' house was less than four feet from the Carters' Lot 164.

■ The adverse possessor's claim must be limited to that portion over which he exercises palpable and continuing acts of ownership, as being the quantity which he claims as his own, there being no other evidence, in such case, to enable us to determine the quantity. Where the quantity of land involved is small, the rule as to the location of the line is exacting possession to the line during all the statutory period must be definitely shown. *Id.* at 300.

The Carters' offer to purchase was made before the lot was measured and on the mistaken assumption that the Malones' house was more than four feet from the property line. In refusing the Carters' offer to purchase, Edward Malone stated, "No, because we own out to the hedges and we have been taking care of 'em." The Malones' claim to the strip of land was based on sporadic acts of maintenance and a verbal response to the Carters' mistaken offer to purchase. Periodic acts of yardwork and a verbal claim in response to a mistaken offer to purchase do not establish palpable, continuing or exacting acts of ownership sufficient to constitute adverse possession.

The Malones argue that the row of trees and bushes establish a possession or use line which supports open and conspicuous possession of the strip of property. The existence of a possession or use line was a factor noted in affirming an adverse possession award in *Oswald v. Paston* (1987), Ind.App., 509 N.E.2d 217, 220. In that case, a surveyor for the adverse possessor testified that he noticed a possession or use line. Additional evidence showed that the adverse possessor mowed, fertilized and planted flowers and a tree in the disputed area. The adverse possessor had trucks drive onto the disputed area to deliver fill dirt. The adverse possessor maintained a seawall in the disputed area and ordered a worker for the record titleholder off the disputed land.

In contrast, the Malones did not have a surveyor testify that a use or possession line existed. The row of trees and bushes grew wild, were noncontinuous and had gaps where people could walk back and forth. When the Carters cut down trees, planted grass, trimmed bushes, built a partial fence and cement stoop in the disputed area, the Malones did not protest. The evidence was insufficient to support the trial court's award of adverse possession to the mid-line of trees and bushes.

· The garage built 1.2 feet over the property line established sufficient evidence for adverse possession of the area occupied by the garage. The trial court erred in awarding the Malones more land than actually occupied by the garage.

Reversed and remanded with instructions to enter judgment consistent with this opinion.

STATON and BUCHANAN, JJ., concur.