**Philip A. PAULSEN, Appellant–Defendant,**

v.

**Marylou MALONE, Appellee–Plaintiff.**

No. 06A05–0709–CV–544.

Court of Appeals of Indiana.

Feb. 6, 2008.

W. Brent Threlkeld, Thomas W. Kramer, Threlkeld ~ Reynolds, LLP, Indianapolis, IN, Attorneys for Appellant.

Peter L. Obremskey, Michael L. Schultz, Parr Richey Obremskey & Morton, Lebanon, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Philip Paulsen appeals the trial court's order granting Appellee–Plaintiff Marylou Malone's motion to correct error. We restate the issue as whether the thirty-day time limit for a trial court to rule on a motion to correct error in Indiana Trial Rule 53.3(A) begins to run on the date of the hearing or, if the parties submit additional authority, on the date such additional authority is submitted. Concluding that the thirty-day time

limit begins to run on the date of the hearing, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On September 9, 2002, Malone filed a complaint against Paulsen alleging that his negligence caused injuries she suffered in an automobile accident. On September 13, 2006, a jury returned a verdict in favor of Malone in the amount of $1907.25. On October 16, 2006, the trial court entered judgment consistent with the jury verdict, awarding Malone $1907.25. On October 19, 2006, Malone filed a motion to correct error, pursuant to Trial Rule 59(A)(2). After numerous continuances and delays, the trial court held a hearing on Malone's motion on June 18, 2007. This hearing was conducted off the record, and no transcript was prepared. On June 18, 2007, the trial court also made an entry on the Chronological Case Summary ("CCS") which stated that "Counsel for the [p]laintiff to submit additional authority ... for the [c]ourt's consideration." Appellant's App. p. 1. On July 6, 2007, Malone filed a supplemental post-hearing brief. On July 12, 2007, Paulsen filed a response to Malone's supplemental brief. On August 3, 2007, the trial court granted Malone's motion to correct error and entered an amended final judgment, awarding Malone $15,053.93. Paulsen now appeals.

## DISCUSSION AND DECISION

Paulsen asserts that the trial court abused its discretion in granting Malone's motion to correct error because the trial court's allotted time to rule on said motion, as outlined in Trial Rule 53.3(A), had expired, and it was therefore deemed denied. We note that generally, a trial court has wide discretion to correct errors, and we will reverse only for an abuse of that discretion. *Williamson v. William-*

*son,* 825 N.E.2d 33, 44 (Ind.Ct.App.2005). An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom, or is based on impermissible reasons or considerations. *Id.; Carter v. Jones,* 751 N.E.2d 344, 346 (Ind.Ct. App.2001).

Trial Rule 53.3(A) provides:

In the event a court fails ... to rule on a Motion to Correct Error within thirty (30) days after it was heard ... the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the praecipe under Appellate Rule 2(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

In *Cavinder Elevators, Inc. v. Hall,* 726 N.E.2d 285 (Ind.2000), the Indiana Supreme Court held that

the belated grant of the motion to correct error in this case is not necessarily a nullity but rather is voidable and subject to enforcement of the "deemed denied" provision of Trial Rule 53.3(A) in the event the party opposing the motion to correct error promptly appeals. Had the defendant failed to promptly appeal this belated grant, such failure would constitute waiver and would have precluded a subsequent appellate claim that the motion to correct error was deemed denied under Trial Rule 53.3(A).

*Id.* at 288. Here, because Paulsen timely appealed the trial court's belated order granting Malone's motion to correct error, the trial court's order is subject to enforcement of the "deemed denied" provision of Trial Rule 53.3(A). Thus, we conclude that Malone's motion to correct error was deemed denied on July 18, 2007, sixteen days before the Amended Final Judgment was entered. As a result, the trial court

abused its discretion by entering the belated Amended Final Judgment.

Malone does not dispute that Trial Rule 53.3(A) required the trial court to rule on her motion to correct error within thirty days, but she argues that the thirty-day period did not begin to run until both parties had submitted their additional authority to the trial court. Malone claims that the trial court "left the record of the hearing on the motion to correct error open by requesting that Malone provide additional materials/authorities." Appellee's Br. p. 3. We disagree. In support of her claim, Malone relies on *Oswald v. Paston*, 509 N.E.2d 217 (Ind.Ct.App.1987) and *In re Ordinance No. 464 v. City of Jasper*, 133 Ind.App. 1, 176 N.E.2d 906 (1961). However, both *Oswald* and *Ordinance No. 464* can be distinguished. In *Oswald*, a panel of this court concluded that the ninety-day time period established by Trial Rule 53.2 did not begin to run until after the filing of Plaintiffs' reply memorandum because the trial court explicitly continued the matter for ten days to enable the plaintiffs to file their reply memorandum. *Oswald*, 509 N.E.2d at 218–219. In *Ordinance No. 464*, a panel of this court stated with respect to the predecessor of Trial Rule 53.2, that "[u]nless the case is left open for some further act of the parties, 'submission' is final when evidence and arguments are finished or waived, and the Court as the trier of facts has taken the case for decision." *Ordinance No. 464*, 176 N.E.2d at 915. The *Ordinance 464* court concluded that because the trial court had, two weeks after the hearing on the matter, specifically requested that each party submit drafts of proposed findings and conclusions thereon, the trial court's ninety-day time limit for holding a matter under consideration did not begin to run until the parties had submitted their proposed findings and conclusions thereon. *Id.* at 914–915. Here, unlike in *Oswald*, the trial court did not continue the proceedings pending the submission of additional authority, and, unlike in *Ordinance 464*, although the trial court made an entry in the CCS that "Counsel for Plaintiff to submit additional authority in a proposed order for the Court's consideration," there is no indication that the trial court ordered the plaintiff to file such additional authority. Because the circumstances in *Oswald* and *Ordinance 464* are distinguishable from the instant matter, we are unpersuaded by Malone's assertion that, in the present case, the thirty-day time limit outlined in Trial Rule 53.3 did not begin to run until after both parties had submitted their additional authority to the trial court.

Furthermore, we conclude that, in order to determine when the thirty-day period began to run, we must look at the specific language of Trial Rule 53.3. Trial Rule 53.3(A) states that: "In the event a court fails ... to set a Motion ... for *hearing*, or fails to rule on a Motion ... after it was *heard* or ... after it was filed, if no *hearing* is required, the Motion to Correct Error shall be deemed denied." (emphasis added). The plain language of this rule states that the allotted time period to rule on the motion begins to run at the conclusion of the hearing itself, and not at some later date.[1] Nothing in the language of the rule suggests that the matter is still

---

1. This language can also be distinguished from the language in Trial Rule 53.2, which provides that: "Whenever a cause ... has been tried ... and taken under advisement ... and the judge fails to determine any issue of law or fact within ninety (90) days, the submission of all the pending issues and the cause may be withdrawn from the trial judge." Unlike the language in Trial Rule 53.3, the language in Trial Rule 53.2 establishes that the allotted ninety-day time period begins to run after the cause has been tried and taken under advisement, rather than after the hearing or after the matter is heard.

being "heard" after the hearing terminates and while supplemental authority is being offered. We therefore conclude that here, the case was "heard" on the date of the June 18, 2007 hearing and not after the parties submitted their additional authority.

 Additionally, Malone asserts that Paulsen should be estopped from challenging the trial court's order granting her motion to correct error because he filed a response to her supplemental post-hearing brief on July 12, 2007. We are unpersuaded by Malone's assertion, however, because Paulsen's response was filed within the trial court's allotted thirty-day time limit for ruling on Malone's motion, and the trial court was capable of granting itself an additional thirty days to rule, if, after reviewing the parties' post-hearing submissions, the trial court deemed such an extension was necessary. *See* T.R. 53.3(D). The trial court made the following entry in the CCS on June 18, 2007: "This matter came on for oral argument on June 18, 2007, on the Motion to Correct Errors. Counsel for the Plaintiff to submit additional authority in a proposed order for the Court's consideration." Appellant's App. p. 1. In this entry, the trial court made no mention of the date by which any supplemental materials must be submitted or any statement extending its allotted time for ruling on the motion to correct error. If the trial court found that the submission of additional authority necessitated an extension of the court's allotted time to rule on the motion, the trial court was required to file a written entry, prior to the expiration of the initial thirty-day time period. *See* T.R. 53.3(D). Because the trial court failed to file a written entry extending its allotted time to rule on Malone's motion, Malone's motion was deemed denied thirty days after the hearing, or on July 18, 2007. Therefore, after July 18, 2007, the trial court did not have the jurisdiction to rule on Malone's motion, and the trial court abused its discretion by issuing the amended final judgment on August 3, 2007.

We conclude that the trial court lost its power to rule on the motion to correct error on July 18, 2007. As a result, the amended final judgment entered on August 3, 2007 is void. The original judgment entered on October 16, 2006 controls.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

BAKER, C.J., and DARDEN, J., concur.

