## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.




---

ATTORNEY FOR APPELLANT

D. L. Poer
Bloomington, Indiana

---

IN THE

# COURT OF APPEALS OF INDIANA

---

Gabriel Correa,
*Appellant-Respondent,*

v.

Bridgett Correa,
*Appellee-Petitioner.*

August 31, 2020

Court of Appeals Case No. 19A-DC-2535

Appeal from the Madison Circuit Court

The Honorable G. George Pancol, Judge

Trial Court Cause No. 48C02-1808-DC-451

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Respondent, Gabriel Correa (Husband), appeals the trial court's dissolution order in favor of Appellee-Petitioner, Bridgett Correa (Wife).

[2] We affirm.

## ISSUES

[3] Husband presents this court with three issues which we restate and reorder as:

(1) Whether the trial court abused its discretion in valuing the marital residence;

(2) Whether the trial court abused its discretion dividing the marital estate; and

(3) Whether the trial court abused its discretion in computing Husband's child support obligation.

## FACTS AND PROCEDURAL HISTORY

[4] Husband and Wife were married on December 30, 2014. The parties have two children, I.C., born May 23, 2013, and N.C., born September 28, 2015. The parties separated in July of 2017 but continued to live in the marital home on West Constellation Drive in Pendleton, Indiana, until the end of December of 2017.

[5] Wife filed a petition for dissolution on August 16, 2018, and, on August 31, 2018, Father filed a cross-petition. On December 18, 2018, the trial court entered provisional orders granting Wife possession of the marital residence pending the final hearing. The trial court ordered Wife to pay the expenses of the marital residence, including the mortgage, taxes, and insurance, which she did.

[6] On July 1, 2019, the trial court held the final hearing. Wife requested that the marital residence be awarded to her. Neither party had the marital home appraised prior to the final hearing. For valuation purposes, Wife had admitted into evidence the closing documents from the parties' January 28, 2016, refinancing of the home which showed a "sale price" of $123,865. (Exh. Vol. p. 3). Wife also introduced evidence that the mortgage balance on the home on September 5, 2018, was $116,365.55.[1] Wife proposed to value the home's equity by subtracting the amount owed on the mortgage from the 2016 sale price. Husband requested that the trial court order the home be appraised and listed for sale. Husband did not present any independent evidence of the home's value.

[7] To support her child support worksheet, Wife had the parties' W2s from 2018 admitted into evidence. Husband argued that his 2018 income should not be

---

[1] Wife's counsel mistakenly cited this figure as $116,544 when questioning Wife at the final hearing. It appears that the trial court made its equity calculation using this incorrect figure. However, we do not address the error further because the parties agreed on an equalization amount at the hearing on the parties' motions to correct error.

used to calculate his child support because it was not typical or illustrative of his current income. Husband testified that he worked for a car dealership. For the first six months of 2018, Husband detailed cars and was paid on a per-car basis. As a car detailer, Husband had the opportunity to work overtime, and, as Husband testified, he worked overtime to replace the child support he paid pursuant to the trial court's provisional orders. Husband further testified that, in mid-2018, he switched to being an oil change technician for the same employer, a job that did not have the same opportunities for overtime as his previous position. Father did not offer a current pay stub into evidence.

[8] On July 1, 2019, the trial court entered its Order dissolving the marriage, dividing the marital estate, and ordering child support. The trial court valued the equity using the method proposed by Wife. The trial court awarded the marital residence to Wife, subject to its debt, and ordered that Wife had six months from the entry of the decree to refinance the home in her own name only. If she were unable to accomplish this, the home was to be sold and the profits split between the parties. The trial court also awarded Wife her 401k retirement account, valued at $3,799, and found her debts to be $4,387. The trial court awarded Husband his 401k account, valued at $4,170, and found his debts to be $5,000. The trial court ordered Wife to pay Husband $3000 in order "to make an equitable division of the marital estate which will allow her to keep the real estate." (Appealed Order, p. 2). The trial court awarded joint legal custody of the children to the parties and primary physical custody to Wife. The trial court directed Husband to pay $193 per week in child support based

on its finding that Husband had a weekly income of $965 based upon his 2018 W2.

[9] On July 16, 2019, Wife filed a motion to correct error seeking to have Husband's 401k valued at $10,300 as of the date of filing. On July 26, 2019, Husband filed a motion to correct error in which he recognized the parties had stipulated that the value of his 401k was $10,300. Husband further alleged in his motion that the trial court had miscalculated Wife's net estate, had erred in valuing the marital estate using the January 28, 2016, sale value, and had erred in basing his income for child support calculations on his 2018 wages.

[10] On September 25, 2019, the trial court held a hearing on the parties' motions to correct error. No new evidence was introduced, but the parties stipulated that Husband's 401k was valued at $10,793 on the date of filing and that his total marital debt was $9,198. The trial court observed that "it was supposed to be a fifty[-]fifty division." (Transcript p. 146). Based on the parties' stipulations, the new equalization payment from Wife to Husband was calculated as $2,571. When the trial court asked Husband's counsel if she had any objection to that figure, Husband's counsel replied, "No your Honor, I can live with that." (Tr. p. 151). Husband then argued that the trial court had erred in valuing the marital home based on Wife's method of calculating the home's equity and that it had erred in calculating his income for child support purposes.

[11] On September 25, 2019, the trial court granted Wife's motion to correct error and ordered that "[Wife's] payment to [Husband] to make a fifty-fifty

distribution of the marital estate shall be in the sum of $2,571.00 as opposed to [the] $3,000 previously entered." (Appellant's App. Vol. II, p. 9). The trial court denied Husband's motion to correct error.

[12] Husband now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

[13] Husband challenges the trial court's division of the marital estate and its child support order. As a threshold matter, we observe that Wife has failed to file an appellate brief in this matter. We do not develop arguments on behalf of an appellee who fails to file a brief. *WindGate Props., LLC v. Sanders*, 93 N.E.3d 809, 813 (Ind. Ct. App. 2018). In such cases, we will reverse if the appellant establishes *prima facie* error, meaning error at first sight or error on the face of it. *Id*. However, even in light of this relaxed standard, we still have the obligation to correctly apply the law to the facts in the record to determine whether reversal is required. *Id*.

[14] Husband appeals following the trial court's denial of his motion to correct error. A trial court's ruling on a motion to correct error is generally reviewed for an abuse of discretion, approaching our review with a strong presumption of correctness. *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it and the inferences to be drawn therefrom. *Paulsen v. Malone*, 880 N.E.2d 312, 313 (Ind. Ct. App. 2008).

However, we review any questions of law *de novo*. *Healey v. Carter*, 109 N.E.3d 1043, 1047 (Ind. Ct. App. 2018), *trans. denied*. Our standard of review requires us to examine the propriety of the underlying order dividing the marital estate and calculating child support.

II. *Valuation of Marital Residence*

[15] Husband challenges the trial court's adoption of Wife's proposed method of valuation of the marital residence. A trial court has broad discretion in determining the value of property in a dissolution proceeding. *O'Connell v. O'Connell*, 889 N.E.2d 1, 13 (Ind. Ct. App. 2008). We will affirm a trial court's valuation of marital assets as long as there is sufficient evidence and reasonable inferences therefrom in the record to support the valuation. *Morey v. Morey*, 49 N.E.3d 1065, 1069 (Ind. Ct. App. 2016). In conducting our review, we will not reweigh the evidence, and we will consider the evidence in the light most favorable to the judgment. *Id*. Although the facts presented to the trial court and the reasonable inferences flowing from those facts might support a different conclusion than that reached by the trial court, we will not substitute our own judgment for that of the trial court. *Id*.

[16] Here, the trial court adopted Wife's proposal to subtract the remaining mortgage balance as of September 5, 2018—a date after the filing of Wife's dissolution petition—from the January 2016 sale price of the home, leaving an equity balance. Wife showed that the sale price of the home on January 28, 2016, was $123,865 and that the outstanding mortgage balance as of September 5, 2018, was $116,365.55. The trial court then set the balance over to Wife.

Therefore, even in light of our relaxed standard of review, we will not disturb the judgment of the trial court because evidence existed in the record to support the trial court's method of calculating the value of the marital residence. *See id.*

[17] Husband argues that the trial court abused its discretion because its valuation method "took no account of the 2015 purchase price or construction costs of the residence, improvements made, or the substantial increase in real estate value since 2015." (Appellant's Br. p. 13). However, Husband presented no evidence at the final hearing or at the motion to correct error hearing to support a competing value for the marital residence. Although he contends that there was evidence in the record that homes in the area were being sold for $175,000, the only reference to that figure in the record came from his own counsel's question to Wife, who denied that she was aware of such comparable sales. "[T]he burden of producing evidence as to the value of the marital property rests squarely on the shoulders of the parties and their attorneys." *Galloway v. Galloway*, 855 N.E.2d 302, 306 (Ind. Ct. App. 2006). We cannot conclude that the trial court abused its discretion in failing to consider evidence that was not presented to it.

[18] In addition, inasmuch as Husband contends that the trial court abused its discretion by failing "on two separate occasions to order an appraisal with which [Wife] had refused to cooperate," we find no evidence in the record supporting his allegation that Wife refused to comply with any demand made by Husband that she cooperate in having the home appraised. We also find unavailing Husband's argument that the trial court's use of what he calls the

"cost method" was inappropriate because that method is only used for the replacement value of unique structures. (Appellant's Br. p. 13). Husband has waived this claim, as he did not raise it at the trial court level. *See Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006) ("Issues not raised at the trial court are waived on appeal."). Finding no abuse of the trial court's discretion in valuing the marital home, we likewise conclude it did not abuse its discretion in denying Husband's motion to correct error. *See Paulsen*, 880 N.E.2d at 313.

### III. *Division of the Marital Estate*

[19] Husband next challenges the trial court's division of the marital estate. It is the duty of the trial court to divide the marital estate in a dissolution proceeding in a "just and reasonable manner." Ind. Code § 31-15-7-4(b). There is a presumption that an equal division of marital property between the parties is just and reasonable, and a trial court may only deviate from an equal division when that presumption is rebutted. I.C. § 31-15-7-5. A trial court's division of the marital estate is "'highly fact sensitive and is subject to an abuse of discretion standard.'" *Campbell v. Campbell*, 993 N.E.2d 205, 212 (Ind. Ct. App. 2013) (quoting *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002)), *trans. denied*.

[20] Husband's argument is two-fold: He contends that the trial court "neither stated its intention to divide the marital estate equally nor made such an equal division, even assuming the [t]rial court's valuation had been accurate and appropriate." (Appellant's Br. p. 12). However, although the July 1, 2019, Order did not specify that the trial court was dividing the marital estate equally,

the trial court explicitly stated at the hearing on the motion to correct error that it had intended to divide the marital estate equally, and, in its written order on the motions to correct error, it provided that "[Wife's] payment to [Husband] *to make a fifty-fifty distribution of the marital estate* shall be in the sum of $2,571.00 as opposed to $3,000 previously entered." (Appellant's App. Vol. II, p. 9) (emphasis added). Therefore, we find no merit to Husband's contention that the trial court failed to state its intention to divide the estate equally.

[21] As to his second contention that the trial court did not divide the estate equally, we find that Husband has waived that claim for failing to provide a competing value for the marital home. *See Campbell*, 993 N.E.2d at 215 (declining to address Husband's contention that the trial court's dissolution order resulted in an unequal division where he did not present evidence of the value of the marital assets). In any event, we have already concluded that the trial court did not abuse its discretion with the method it chose to value the only disputed asset, the marital home. Husband also agreed at the hearing on the motion to correct errors that an equalization payment of $2,571 from Wife to Husband was proper, apparently as an alternative proposal in the event that his challenge to the valuation of the marital home was denied. Accordingly, we cannot conclude that the trial court abused its discretion in dividing the marital estate or in denying Husband's motion to correct error. *See Paulsen*, 880 N.E.2d at 313.

## IV. *Child Support*

[22] Husband challenges the trial court's reliance on his 2018 income for determining his child support obligation because he asserts that it included overtime to which he is no longer entitled or guaranteed. We presume that a trial court's child support calculation is valid and review it only for an abuse of discretion. *Matter of Paternity of T.M.-B.*, 131 N.E.3d 614, 618 (Ind. Ct. App. 2019), *trans. denied*. An abuse of discretion occurs if a trial court's determination is clearly against the logic and effect of the of the facts and circumstances before it or if it has misinterpreted the law. *Id*. "We do not reweigh the evidence or assess the credibility of witnesses." *Id*.

[23] "In fashioning a child support order, the trial court's first task is to determine the weekly gross income of each parent." *Trabucco v. Trabucco*, 944 N.E.2d 544, 549 (Ind. Ct. App. 2011), *trans. denied*. According to Indiana Child Support Guideline 3(A), 'weekly gross income' includes "income from any source, . . . and includes . . . income from salaries . . . [and] overtime[.]" If the parties dispute the weekly gross incomes to be used to calculate support, each party may submit a child support worksheet to the trial court, signed by the party and supported with documentation. Child Supp. G. 3(B), cmt. 1. "Each party bears the burden of justifying the incomes used in his or her own worksheet." *In re Paternity of G.R.G.*, 829 N.E.2d 114, 119 (Ind. Ct. App. 2005).

[24] The commentary to the Support Guidelines provides that "it is not the intent of the Guidelines to require a party who has worked sixty (60) hour weeks to continue doing so indefinitely just to meet a support obligation that is based on

that higher level of earnings." Child Supp. G. 3(A), cmt. 2(b). Relying on this commentary, Husband argues that, by using his 2018 W2 which included the overtime he no longer worked, the trial court "coerced [Husband] to work as much overtime as he could manage 'just to meet a support obligation . . . based on [a] higher level of earnings' – and even that onerous obligation is likely to prove insufficient." (Appellant's Br. p. 14). However, at the final hearing, Wife submitted her child support worksheet showing Husband's weekly gross income as $1,056, and supported that figure with Husband's 2018 W2. Husband's child support worksheet showed his weekly gross income as $600, which he testified was his actual income because he no longer worked the overtime hours he had worked in 2018. It was within the trial court's discretion to weigh and reject that testimony, and Husband presented no documentation to the trial court, in the form of a paystub or otherwise, to support his claim to reduced or non-existent overtime hours. We do not reassess the credibility of witnesses as part of our review. *See T.M.-B.*, 131 N.E.3d at 618. Even though Husband must merely demonstrate *prima facie* error on appeal, his lessened appellate burden does not allow us to ignore our standard of review. Given that Husband did not document his actual income for the trial court, we cannot conclude that the trial court abused its discretion when it computed Husband's weekly gross income based on his 2018 W2.

## CONCLUSION

[25] Based on the foregoing, we conclude that the trial court acted within its discretion when it valued the marital home, divided the marital estate, and

calculated Husband's child support obligation, and, thus, did not abuse its discretion in denying Husband's motion to correct error.

[26] Affirmed.

[27] Altice, J. concurs

[28] May, J. concurs in result with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

Gabriel Correa,
*Appellant-Respondent,*

v.

Bridgett Correa,
*Appellee-Petitioner.*

Court of Appeals Case No. 19A-DC-2535

**May, Judge, concurring in result with opinion**

[29] The majority affirms the trial court's decision regarding the division of property in this dissolution matter, and I agree we should affirm the trial court's decision. However, I believe the majority misstates the record before us and engages in improper speculation as to the intent of a statement made by Husband's counsel regarding a revised equalization payment from Wife to Husband. Therefore, I respectfully concur in result with opinion.

[30] In calculating the equalization payment due to Husband from Wife, the trial court took into account both the appraisal of the marital residence and the personal assets and debts of both parties, including the value of each individual's retirement account:

> The Court having assigned the equity of the home on the [Wife]'s side of the ledger along with the 401k and showing her debts as presented in the summary in the sum of $4,287.00 and showing her debts as presented in the summary in the sum of $4,387.00 and finding that the [Husband]'s assets are his 401k in the sum of $4,170.00 and his debts in the amount of $5,000.00 for the Sentra vehicle. The Court finds that Wife is to pay the Husband $3000.00 to make an equitable division of the marital estate which will allow her to keep the real estate.

(Appealed Order at 2.) The majority stated in Footnote 1 of its opinion:

> Wife's counsel mistakenly cited this figure [the value of the marital residence] as $116,544 when questioning Wife at the final hearing. It appears the trial court made its equity calculation using this incorrect figure. However, we do not address the error further because the parties agreed on an equalization amount at the hearing on the parties' motions to correct error.

*Slip op*. at n.1. While the figure noted in the footnote is certainly incorrect, *see* App. Vol. II at 15 (listing outstanding principal on the marital residence as "$116,365.55"), neither party appeals the figure used and the equalization payment was based on other figures in the record. The majority's Footnote 1 takes a figure not designated as an issue and emphasizes it, which confuses the already complicated calculations in the case.

[31] In addition, the language of Footnote 1 in the majority opinion seems to suggest that the agreement by the parties as to the equalization payment amounts to an agreement on the valuation of the marital estate as a whole. The majority furthers this interpretation by stating later in its opinion that "Husband

also agreed at the hearing on the motion[s] to correct errors that an equalization payment of $2,571 from Wife to Husband was proper, apparently as an alternative proposal in the event that his challenge to the valuation of the marital home was denied." *Slip op*. at ¶ 21. This generalization of the record and speculation as to Husband's motives is erroneous, as Husband argued about the valuation of the marital residence before the trial court and contends on appeal that the valuation of the marital residence was incorrect. A thorough reading of the record reveals the actual terms of the agreement between the parties regarding the equalization payment from Wife to Husband, as shown below.

[32] After the trial court's order, Wife filed a motion to correct error, with which Husband agreed in part. The parties agreed that:

> The Court found that HUSBAND's 401K had a value of $4,170 as of date of filing. This is error. Counsel for HUSBAND originally submitted documentation purporting that the 401K has a value of $4,170 as of the date of filing, but she had accidently used a value from August, 2017. [Husband's] counsel then presented a correct [sic] document which showed the 401K to be valued at approximately $10,300 as of date of filing.

(Appealed Order at 5.) During the hearing on the motions to correct error, the trial court proposed a revised equalization payment of "twenty five seventy one" (Tr. Vol. II at 151), based on the correct value of Husband's 401K and Husband's updated figure of marital debt. The amount was proposed by Wife's counsel during argument based on the updated value of Husband's 401K. After

the trial court repeated that figure and asked if Husband's counsel had any objection, Husband's counsel stated, "No your Honor, I can live with that." (*Id*.)

[33] The trial court then attempted to adjourn, but both parties asked the judge to wait. Husband then presented argument on "the value of the marital residence[.]" (*Id*. at 152.) While the trial court ultimately denied Husband's request to appraise the marital residence and base its value thereon, Husband's acquiescence to the updated equalization payment of $2,571.00 was not tantamount to an agreement to the valuation of the marital residence. If it had been, Husband would not have needed to argue for the trial court to recalculate the value of the marital residence, nor would he have brought the issue on appeal.

[34] Further, nowhere in the record does Husband indicate that his agreement to the equalization payment was "an alternative proposal in the event that his challenge to the valuation of the marital home was denied." *Slip op*. at ¶ 21. The majority's statement regarding the intent or strategy behind Husband's reply to the trial court's query is pure conjecture. This has never been the role of appellate review, as noted over a half century ago, when our court, *en banc*, stated: "We may not speculate as to what the facts actually are, but must decide the case upon the record before us." *Norling v. Bailey*, 121 Ind. App. 457, 460, 98 N.E.2d 513, 514 (1951), *reh'g denied*.

[35] While I agree we should affirm the decision of the trial court, because of the errors in the majority opinion as discussed *supra*, I must respectfully concur in result with opinion.

[36]